NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—December, 1883.

JONES V. HAMERSLEY.

*In the matter of the probate of the will of* LOUIS C.
HAMERSLEY, *deceased.*

Whether, pending a contest over the probate of a decedent's will, the
Surrogate should appoint, as the temporary administrator of the
estate, one who is named as executor in the will, or another, must be
decided, in each case, upon its own circumstances.

Where, to an application for a grant of letters of temporary adminis-
tration to one so named, the opposition was based solely on the
ground that he would be entitled to letters testamentary, if the will
should be established, it was—

*Held*, that this fact tended rather to support than defeat the petition, a
chance of saving expense to the estate being thereby ensured, and
that the prayer of petitioner should be granted.

Successive statutory provisions upon the subject of such an appoint-
ment—reviewed.

APPLICATION by L. W. Hamersley, decedent's
widow, for a grant of letters of temporary administra-
tion upon decedent's estate to George G. Williams,
nominated, in the will propounded, as an executor
thereof; opposed by Alfred R. Jones, one of the next
of kin, and others. The facts appear sufficiently in the
opinion.

GEORGE G. DE WITT, JR., *for petitioner.*

JOHN C. SHAW, *for H. Langdon.*

FRANKLIN BARTLETT, *for A. R. Jones.*

THE SURROGATE.—The probate of an instrument which has been propounded as the will of this decedent is, upon various grounds, resisted by some of his next of kin. Because the issues thus raised cannot for the present be tried and determined, the widow of decedent petitions the Surrogate to appoint a temporary administrator, and asks that letters be granted to Mr. George G. Williams, who is named by the disputed paper as one of decedent's executors. It seems to be agreed, by all the parties who have appeared upon this motion, that, pending the probate controversy, the estate needs the care of a temporary administrator, but some of them oppose the appointment of Mr. Williams in that capacity, because of the fact that, if the proponents shall be successful in such controversy, Mr. Williams will be entitled to testamentary letters. It is urged that the estate should be put in the hands of some indifferent person. Chapter 460 of the Laws of 1837 (§ 23) empowered the Surrogate, pending a probate controversy, to issue "special letters of administration authorizing the preservation and collection of the goods of the deceased." In the selection of such special administrator, the Surrogate was allowed full discretion. The statute gave, to one named as executor in the disputed will, no priority of claim to the appointment, and, on the other hand, it did not subordinate his claim to that of any other person. By chapter 71 of the Laws of 1864 (§ 10), the statute of 1837 was amended by the addition of these words: "But any person or persons named as executor or executors . . . shall be first entitled to any such special letters," etc. This provision was repealed by chapter 782 of the Laws of

1867, and the wide discretion given to the Surrogate by the act of 1837 was restored. Though that act has been since repealed, and this subject is now wholly regulated by article 5 of title 3 of the 18th chapter of the Code of Civil Procedure, no substantial change has been made, as regards the question here under consideration. Whether the Surrogate should appoint, as the temporary administrator of a decedent's estate, one who is named as executor in a disputed will, or some other person, must be decided, in each case that presents itself, upon its own particular facts and circumstances. I have sometimes adopted the one course, and sometimes the other, in cases which have been submitted for my determination. Where an application for the appointment of one named as an executor has been opposed on account of his unfriendly relations with contestants, or of his alleged undue influence in shaping the testamentary dispositions of the decedent, or for some like cause, such application has often been denied. Here, however, the only ground of opposition seems to be the bare fact that Mr. Williams will be entitled to testamentary letters if the paper in dispute shall be established as a will. Now that fact of itself tends rather to support than to defeat the petitioner's contention.

For, other things being equal, it is certainly advisable to save to the estate the large increased expense which would result from the selection of any other person than one of those named as executors.

Motion granted.