In re GRANT'S ESTATE.

(Surrogate's Court, New York County. August, 1897.)

ADMINISTRATOR'S ACCOUNT—EVIDENCE—ASSETS OF ESTATE.
    The temporary administrator of an estate, appointed under Code Civ. Proc. § 2670, subd. 1, pending delay in the probate of the will, was also sole surviving executor of the will, and was surviving member of a firm composed of himself and decedent. As such administrator, he sold a seat in the New York Stock Exchange, the certificate for which stood in the name of the testator at his death. *Held*, in proceeding for settlement of administrator's account, that he should be allowed to prove that the seat and certificate belonged to the firm composed of the decedent and his administrator.

Proceedings by temporary administrator of estate of James Grant for settlement of account. Exceptions of administrator to confirmation of referee's report sustained.

C. E. Souther (John Larkin, of counsel), for administrator.
Henry E. Coe (Frank L. Hall, of counsel), for contestants.
Rollin M. Morgan, special guardian.

ARNOLD, S. This proceeding has been instituted by the temporary administrator of the estate, appointed under subdivision 1 of section 2670 of the Code of Civil Procedure, pending delay in the probate of the will, for a judicial settlement of his account. He is also the sole surviving executor of such will, and acting as such under letters testamentary granted to him upon the admission of the same to probate in November, 1895. Objections were filed to the account by several of the next of kin, but these have been withdrawn. Objections have also been filed by the special guardian on

behalf of one of the devisees, who is insane. The account and objections were sent to a referee to hear and determine. His report has been filed, and motion for confirmation thereof is now made by the special guardian aforesaid, whose objections have been sustained by the referee. Exceptions have been filed by the administrator, who opposes the confirmation of the report thereon. The whole controversy is in reference to a seat in the New York Stock Exchange, a certificate for which stood in the name of the testator at the time of his death. It appears that the temporary administrator, within a few days after receiving his letters, transferred this certificate to his son, signing the instrument of transfer as such administrator, which was accepted by the exchange; and, after such other preliminaries as the rules of that body required to be complied with, the transferee was elected a member thereof, and a new certificate issued to him as such. It is shown by the evidence taken before the referee that no money was paid to or received by the administrator for this transfer, but it purports to have been made in consideration of the payment to him by the transferee of the sum of $18,000. The contestant's claim is that, as the certificate stood in the name of the decedent, it was a part of his estate; and that the administrator had no authority to make any transfer of it under the general powers conferred upon such an officer by section 2672 of the Code of Civil Procedure; and that no appraisement of the estate or order authorizing him to sell the seat in the exchange was made by the surrogate, as provided in said section; and that, therefore, he should have included the same in his account as an asset for which he was accountable, which he did not, there being no mention or reference to such asset, or any transaction in respect to it in the account. The referee sustained this contention. The administrator's counsel put him and other witnesses upon the stand, and attempted to prove by them that this seat and the certificate representing the same were not in fact part of the decedent's estate, but belonged to a firm composed of the administrator and his brother, the testator, and of which the former was the surviving partner, and that the transfer was made by him for the purpose of securing the value of such assets to the firm, which might otherwise have been lost or impaired. Numerous questions were asked of these witnesses, which were excluded by the referee upon the objection of the contestant, upon the theory advanced by the latter, as hereinabove stated. Many of these questions which were addressed to the administrator were undoubtedly properly disallowed, as calling for personal transactions or communications between the witness and the decedent, or for other good reasons; but there were others which were disallowed under exception which should, in my judgment, have been allowed.

The powers of a temporary administrator are limited by the provisions of the Code in respect to that office, and if the property which is the subject of the controversy here was part of the individual estate of the decedent, of which alone the accountant was appointed temporary administrator, then his action in making a sale or transfer of such property without an order of the court was

wholly unauthorized, and he should be held for the value thereof. But, after all, the real question is whether such property was a part of the decedent's individual estate. If it was not, or for any reason the administrator, as such, had no right to sell or dispose of it, no authority would have been given to him by the surrogate to do so, and any petition upon which any application for such order could have been made would have been required to state with particularity the facts in respect to the ownership of the property. If the same was in fact a part of the assets of a co-partnership of which the decedent was a member, the right to the possession thereof for the purpose of liquidating and settling up the firm business would belong exclusively to the surviving partner, including the right to sell and dispose of the same in such liquidation. The legal representative of the decedent's estate would have the right to call upon such survivor to account for his acts, and to demand payment of the decedent's interest in the firm assets, or the proceeds of any sales thereof remaining after payment of co-partnership debts. No such accounting has been had, or, at least, is not referred to or involved in this accounting. The fact that the same person was both temporary administrator and surviving partner does not, it appears to me, alter the case. He is bound to account only for the individual property of the decedent which came into his hands. It may be that he could not have shown that the seat and certificate were in fact firm, and not individual assets; but he should have been permitted to introduce proper and legal testimony in support of his claim, and this, it seems very clear to me, was not done. I cannot confirm the referee's report from the record here submitted to me, but must sustain the administrator's objections, to the exclusion of evidence bearing upon the question of the ownership of the seat and certificate, and direct that the matter be referred back to the referee for the purpose of taking such legal evidence on that point as the administrator may offer.