(29 Misc. Rep. 532.)

### In re HILTON'S WILL.

(Surrogate's Court, New York County. November, 1899.)

TEMPORARY ADMINISTRATOR.

Where a will is being contested on the ground of improper influence of the executor over the testator, and the allegations concerning such influence are general and conjectural, and the largest number of parties interested, both numerically and in amount of interest, desire the appointment of the executor as special administrator pending the contest, and it is to the interest of the estate to so appoint him, he should be so appointed.

Application for the appointment of the executor as special administrator pending a contest over the probate of the will of Henry Hilton, deceased. The executor is so appointed.

Russell & Holmes, Turner, McClure & Rolston, Butler, Notman, Joline & Mynderse, and George M. Wright, for heirs, legatees, and executors.

A. H. Hummel, for contestant.

FITZGERALD, S. The rule which would ordinarily require the court to refuse to appoint an executor the temporary administrator of the estate of a decedent whom he is charged with having unduly influenced in the execution of his will, I do not understand to be so absolute and inflexible as to admit of no exception to its application. In re Bankard, 19 Wkly. Dig. 452; Jones v. Hamersley, 2 Dem. Sur. 288; Haas v. Childs, 4 Dem. Sur. 138, 139. It is at most but a rule of general application, and whether it is to be treated as controlling in a particular case depends, I take it, upon all the facts and circumstances of that case; and I have no doubt, where the refusal of the court to appoint the executor would be likely, owing to the character and condition of property left by the decedent, to result in great loss or detriment to the estate, and to those who ultimately shall be adjudged to be entitled to it, it would be the duty of the court to confide to the executor the temporary administration of the estate, where it is reasonably certain that his custody of it would work no harm or injustice to the

61 N.Y.S.—68

rights and interests of others, notwithstanding he is the proponent of the will, and charged with unduly influencing its execution. In the present case the estate is of great magnitude, and, owing to this, and to its character and condition, its affairs and business are of an extremely complicated nature; so much so that it is highly improbable that any one not having an intimate knowledge of the estate and its condition would be able to successfully administer it and save it from serious impairment or embarrassment. The executor whose application for appointment is most strenuously opposed is shown to have such knowledge, and I have no doubt of his ability, as well as his willingness, to use it impartially for the benefit of the estate, and to the advantage of all the parties interested therein, in the event of his being chosen to administer it. The allegations which are made respecting his influencing the action of the decedent in executing his will are general, remotely inferential, or conjectural in character, and are wholly denied. I think that, under the circumstances, he and his co-executor should be intrusted with the temporary administration of the estate. The latter is familiar with a considerable part of the property of the estate, its condition, management, and needs; and the objections which have been made to his appointment I do not consider of sufficient gravity, under the circumstances, to justify me in declining to make it. The appointment of the executors to be the temporary custodians and administrators, besides effecting a large saving of commissions to the estate, accords with the wishes of those most largely and numerously interested in it, and this circumstance has not been without its proper weight in inducing me to make the appointment. Submit order in accordance with this decision.

Decreed accordingly.