Surrogate's Court, Seneca County, September, 1905.  [Vol. 48.

reason of the fact that no valid directions are contained in the instrument for their disposition.

Such being the case, the accumulated surplus earning in this case belong to the three daughters, in equal shares, as the persons presumptively entitled to the next eventual estate both under the statute, section 53 of the Real Property Law, and by the decisions of our courts.    Matter of Crossman, 113 N. Y. 503; United States Trust Co. v. Soher, 178 id. 442; Cochrane v. Schell, 140 id. 316; Schermerhorn v. Cotting, 131 id. 48.

The decree to be entered in this proceeding will be in accordance herewith.

Decreed accordingly.

---

Matter of the Estate of WILLIAM ASHMORE, Deceased.

(Surrogate's Court, Seneca County, September, 1905.)

Executors and administrators — Appointment and qualifications of temporary administrators — Who entitled to notice — Interest does not disqualify — When letters will not be revoked.

Under section 2670 of the Code of Civil Procedure, notice of an application for the appointment of a temporary administrator is required to be given only to each party to the proceeding who has appeared; and where a petition has been filed for the probate of a will and no one has yet appeared in the proceeding but the proponent, he is the only person entitled to notice.

The appointment as temporary administrators of the executors named in the will, who are likewise interested in the estate, is not improper, and their interest is not sufficient ground for the revocation of their letters.

THIS is an application by one of the heirs-at-law and next of kin of William Ashmore, deceased, for a decree, revoking the letters of temporary administration heretofore issued herein to John E. Richardson and Rachel Ashmore.

Baskin & Lapham, for petitioner and others.

Hammond & Hammond, for respondent, Richardson.

Calvin J. Huson, for respondent, Ashmore.

Bodine (District Attorney of Seneca County and acting Surrogate). It is conceded by all the parties that the case is one calling for the appointment of a temporary administrator.

The applicants base their contention on two grounds:

1. That the surrogate had no jurisdiction to appoint a temporary administrator in view of the fact, which is conceded, that no notice of the application for said appointment was given to the heirs-at-law and next of kin of the deceased.

2. That the temporary administrators are disqualified by law from acting in said capacity for the reason that both of them are interested in the estate, both being legatees named in the will; that Mr. Richardson is the scrivener of the will, is the executor named therein, and in the pending contest proceedings is charged with having unduly influenced the testator. That he is the proponent of the will and a stranger in blood to the decedent.

As to the first proposition—a petition for the probate of the will had been presented to the court and a citation issued thereupon. Thereafter, and on the same day that said petition was presented by the proponent of the will, John E. Richardson, the executor named therein, Rachel Ashmore, the widow of the deceased, presented a petition setting forth jurisdictional facts and asking that letters of temporary administration issue to herself and John E. Richardson, without notice to any other person or persons. Pursuant to said application, letters of temporary administration were issued to John E. Richardson and Rachel Ashmore, who duly qualified by the filing of a suitable bond and entered upon the discharge of their duties.

Section 2474 of the Code of Civil Procedure provides that " The surrogate's court obtains jurisdiction in every case, by the existence of the jurisdictional facts prescribed by statute, and by the citation or appearance of the necessary parties." It is admitted that the case is one calling for the

Surrogate's Court, Seneca County, September, 1905. [Vol. 48.

appointment of a temporary administrator and the question now becomes, to whom does the law require that notice of the application be given. Section 2670 of the Code of Civil Procedure says: "An appointment of a temporary administrator, * * * must be made by an order. At least ten days' notice of the application for such an order must be given to each party to the proceeding who has appeared, etc." The proponent of the will was the only one who had appeared in the proceeding and, according to the reading of the Code, the only one entitled to notice. He was present in court when the application for temporary letters was presented, and consented to act as one of such administrators, which dispensed with the giving of any notice whatever, no one else having appeared.

The applicants for the order have prepared able and exhaustive briefs on the points raised in this case, yet they have utterly failed to show that any construction has ever been put on the notice required, other than what the plain language of the law would indicate, and which was followed in making this appointment. The case of Crandall v. Shaw, 2 Redf. 100, is the only case which I have been able to find, where the question of notice was decisive. In that case, a petition for the probate of the will had been filed and a citation issued. Application and appointment of a temporary administrator were made without notice to any one. The temporary administrator was subsequently removed, the court holding that notice of the application should have been given to the executor, because his having presented a petition for the probate of the will was an appearance. Not a word is said or suggestion made that the failure to give notice to any of the heirs who had not appeared was any ground for removal. Notice was considered with reference only to the one who had appeared.

The second proposition presents but little difficulty. Section 2670 of the Code of Civil Procedure provides that: "Letters may issue to one or more persons, competent and qualified to serve as executors." The appointment rests entirely within the discretion of the surrogate, and the surrogate having once exercised that discretion, will not

revoke such letters and remove the temporary administrators unless the petitioners bring themselves within the established rules of law and show proper cause for the removal of such administrators.    Section 2685 of the Code recites the grounds for such removal, and the petitioner claims that subdivision 1, of said section, is applicable to this case.    It provides that removal may be had, " Where the executor or administrator was, when letters were issued to him, or has since become, incompetent, or disqualified by law to act as such; and the grounds of the objection did not exist, or the objection was not taken by the petitioner, or a person whom he represents, upon the hearing of the application for letters."

The competency of the temporary administrators is not questioned, but it is urged that they are disqualified by law, because they are interested in the estate and that Judge Richardson, in particular, is disqualified by reason of his being the scrivener of the will, the executor named therein, and the main proponent thereof.    That he is a legatee named therein and that he is charged with having unduly influenced the testator.

After an exhaustive search, I fail to find a single case where any one or all of the above conditions have caused the removal of a temporary administrator.    There are several cases reported where the question was raised before any appointment was made, and the courts have deemed it advisable not to appoint as temporary administrator the executor named in the will, or a person interested in the estate, but the modern practice seems to be to the contrary.    Redfield's Surrogate's Practice (6th ed.), section 408, says:  " Ordinarily considerations of economy will justify the appointment of a person named as executor, and the fact that he is charged with having unduly influenced the testator will not prevent such appointment, where the allegations of such influence are vague, and the appointment is opposed by but a small interest of the estate.    Where, however, such appointment would be of advantage to the estate, and a majority of the parties so request, it will be made almost as a matter of course."  In each of the following cases the executor named in the will was

Surrogate's Court, Seneca County, September, 1905.  [Vol. 48.

appointed temporary administrator: Jones v. Hamersley, 2 Dem. 286; Haas v. Childs, 4 id. 138; Matter of Bankard, 19 Wkly. Dig. 452; Matter of Hilton, 29 Misc. Rep. 532; Matter of Grant's Estate, 49 N. Y. Supp 574.

In the present case, the petitioner, and the three other heirs who have joined with her and who seek this removal, will not be entitled to one penny of the estate if the will is proved.    In the event that the will is not admitted to probate, their combined interest will be only a few thousand dollars out of an estate aggregating nearly $70,000.    The persons who will get the major portion of the estate are satisfied with the appointment as made.

The administrators have filed a bond in the sum of $160,-000 which will amply secure all interests.    The estate consists almost entirely of stocks and securities which have been for several years under the complete charge and control of the decedent's agent, J. S. Boughton, and he is familiar with the whole estate, and the administrators have no private or unsettled business with the estate.

The temporary administrator, being the executor named in the will, is entitled to no commissions for his services and considerations of economy, other things being equal, would demand that there be no change in the administration of the estate.

The motion is, therefore, denied with costs to the temporary administrators to be paid out of the estate, and the injunction order, entered herein on the nineteenth day of July, 1905, is hereby vacated.

Let an order be entered accordingly.

Decreed accordingly.