John D. Bennett, S.
The will of the above decedent has been offered for probate. Objections have been filed which, among other items, allege fraud and undue influence on the part of the two named executors.
This application requests the appointment of a temporary administrator. All parties consent to the appointment of Maude R. Craig, the widow of the decedent, who is also one of the named executors in the will. The matter to be decided by the court is whether or not to appoint Julius M. Gerzof, the other named executor in the will, as a temporary coadminis-trator. The widow so consents; the children by a prior marriage object.
The court should give weight in the appointment of temporary administrators to the wishes of the decedent as provided for in the will. Although the respondents allege in their objections fraud and undue influence on the part of both the executors, they have no objection to the appointment of the widow, Maude R. Craig.
Julius M. Gerzof was the attorney for the decedent and was familiar with his assets and business operations. In fact, a substantial portion of the assets of the decedent’s estate consists of stock in real estate corporations, at least one of which is in the process of constructing a building. In these corporations, the decedent and Julius M. Gerzof each owned a 50% interest. Mr. Gerzof’s knowledge of the affairs of the decedent, in this court’s opinion, will greatly benefit the administration of the estate.
The facts in this matter make the language in Matter of Erlanger (136 Misc. 793, affd. 229 App. Div. 778) particularly appropriate. At pages 796, 797, Foley, S., stated: “ The claimant’s principal objection to the selection of Mr. Baron as temporary administrator is founded upon her charge that he exercised undue influence upon the testator in the drafting of the will offered for probate here. She also stresses his *233 personal hostility to her. In my opinion, and in view of the special circumstances of this case, these considerations do not constitute a disqualification. (Matter of Hilton, 29 Misc. 532; Jessup-Redfield Surrogate’s Courts [6th ed.], p. 743; Matter of Robert, N. Y. L. J., Jan. 9, 1912; Matter of Ashmore, 48 Misc. 312.) He receives no legacy under the will, fie is an attorney of long experience and his professional standing is attested by several affiants. In addition to the fact that he was selected by Mr. Erlanger as executor in three of the wills, it appears from several affidavits that he was for a long period of time intimately associated with Mr. Erlanger. This association not only involved a personal friendship, but also the relationship of Mr. Baron as lawyer and Mr. Erlanger as client. It involved also knowledge of Mr. Erlanger’s financial transactions, and in addition, a close business contact with Mr. Erlanger’s various enterprises. Mr. Baron was an officer or director of over 30 corporations through which Mr. Erlan-ger’s various activities were conducted. He held powers of attorney from him in the last years of Mr. Erlanger’s life. He is qualified, therefore, by this experience to safeguard the estate as temporary administrator.
“If a mere charge of undue influence in the procurement of a will can eliminate the person named as executor from appointment as temporary administrator, a very simple and effective method of disqualification would result. A simple charge of undue influence or fraud in the general form of objections usually filed to the probate of a will would be sufficient. In my opinion some other ground of unfitness must be established.” (Cf. Matter of Weisberg, 286 App. Div. 850 [2d dept.]; Matter of Matter, 6 Misc 2d 934.) In each of these cases Matter of Erlanger was cited with approval.
Letters of temporary administration will issue to Maude R. Craig, the widow, and to Julius M. G-erzof.
The decree to be submitted shall provide for such powers as the temporary administrators require to marshall and preserve the assets.
Settle decree.