BRADY, J., concurred ; VAN BRUNT, P. J., concurred in result.

Judgment reversed and new trial ordered, with costs to abide event.

---

IN THE MATTER OF THE ESTATE OF CHARLES A. PLATH, DECEASED.

*Temporary administrator — selection of, not limited as in the case of a permanent administrator.*

In appointing a temporary administrator a surrogate is not required to make his selection of such administrator from among those persons designated by statute as entitled to be appointed to the position of permanent administrator.

APPEAL by Jacob Rieser, a creditor of the decedent Charles A. Plath, from an order, entered in the office of the clerk of the Surrogate's Court of the county of New York on May 16, 1889, appointing Charles Welde temporary administrator of the estate of said Charles A. Plath, deceased.

, *Edward W. S. Johnson*, for Jacob Rieser, a creditor, appellant.

*Ashbel P. Fitch*, for Ernst Plath, respondent.

BARTLETT, J. :
This appeal presents the question whether the surrogate, in appointing a temporary administrator, must make his selection in the

manner prescribed by statute for the appointment of a permanent administrator, that is to say, from among the persons ordinarily entitled to administer, or may appoint a person in no wise connected with the decedent or his estate as relative or creditor. Two applications were made to the surrogate of the county of New York for letters of administration upon the estate of Charles A. Plath, deceased; one by Lizzie Plath, claiming to be his widow, and the other by Ernst Plath, claiming to be his brother, and alleging in his petition that the deceased was unmarried at the time of his death and left no widow. Subsequently Ernst Plath applied to the Surrogate's Court for the appointment of a temporary administrator of the estate of the deceased; and upon the return of the citation issued on this application, Jacob Rieser, claiming to be a creditor of the deceased, appeared and joined in the request that a temporary administrator be appointed, saying, in his affidavit, that "a disinterested and neutral creditor or other person as temporary administrator is almost absolutely requisite in this case in order to preserve the estate from waste and prevent great loss." Mr. Rieser, however, desired to be appointed himself. The surrogate concluded not to appoint either applicant, but did make an order appointing Mr. Charles Welde temporary administrator of the estate of Charles A. Plath, deceased; and from that order Mr. Rieser has appealed.

The principal point upon which the appellant relies is, that a temporary administrator must be chosen from among those absolutely or contingently entitled to permanent administration; that Ernst Plath, the only relative of the deceased who applied to be appointed temporary administrator, was not qualified; and, therefore, that Mr. Rieser, a large creditor of the estate, was entitled to be appointed, inasmuch as the public administrator had not intervened in the matter. A number of cases are cited in behalf of the appellant to the effect that a surrogate has no right to exclude from administration a person entitled to preference, except for some of the causes specified in the statute. All these cases but one, however, relate not to temporary administration, but to applications for appointment as permanent administrator. The exception is a decision by the Prerogative Court in New Jersey to the effect that, under the law of that State, a brother has no claim to temporary administration on the ground of kinship, inasmuch as the statute establishing the right to administra-

tion does not apply to administrations *pendente lite*. (*Dietz* v. *Dietz*, 38 N. J. Eq., 483.) It is difficult to see how this case can be regarded as an authority in favor of the appellant. In our own State the powers of the surrogate with reference to the appointment of a temporary administrator must be determined by reference to the provisions of the Code of Civil Procedure on that subject, and no qualification can be required in addition to those specified in the statute. Section 2668 prescribes. that, upon the application of a creditor or person interested in the estate, the surrogate may, in his discretion, in either of the cases specified in that section, issue to " one or more persons competent and qualified to serve as executors," letters of temporary administration. The class of persons from whom the surrogate may make his selection of a temporary administrator is here clearly and definitely pointed out. He must choose from those who possess the capacity and qualifications to act as executors. Any one thus qualified may be appointed by the surrogate in the exercise of his judicial discretion. He is not limited in making his selection to persons entitled to ordinary administration under the statute. To hold that he was, would be to introduce into the law a limitation or restriction which is not expressed in the language of the Code or to be implied therefrom. It is important that the person entrusted with temporary administration should be not only competent and honest, but disinterested, and if he had to be either a relative or a creditor of the deceased, it might often be very difficult to select a temporary administrator who should be indifferent as between the parties to a contest among applicants for permanent administration or a contest over the probate of a will.

It seems to us clear that the surrogate had the power to make the appointment which is attacked in this case, and there is nothing before us to indicate that his discretion was not fairly and wisely exercised.

The order from which the appeal was taken purports to have been made at the instance of the appellant himself. It recites that it is granted " on motion of Johnston & Johnston, attorneys for the said Jacob Rieser." If we supposed that the entire order, including the name of Mr. Welde, was proposed by the attorneys for the

appellant, we should dismiss the appeal, as a party cannot appeal from an order made upon his own motion. But we assume that there was a blank in this order when submitted to the surrogate, in which he was expected to insert the name of the appellant as temporary administrator, and hence that the order, so far as Mr. Welde's name is concerned, was not, in fact, granted at the instance of the appellant. It is upon this assumption that we have considered the merits of the appeal.

The order of the surrogate must be affirmed, with ten dollars costs and disbursements.

Van Brunt, P. J., and Barrett, J., concurred.

Order of surrogate affirmed, with ten dollars costs and disbursements.