[S. F. No. 3505.   Department Two.—February 4, 1904.]

In the Matter of the Estate of WARREN D. HEATON, Deceased. CHARLES W. PALM, Appellant, v. JENNIE M. HEATON, Respondent.

ESTATES OF DECEASED PERSONS—SPECIAL AND GENERAL ADMINISTRATION — DISTINCT PROCEEDINGS — EFFECT OF APPEAL — JURISDICTION. — Special and general letters of administration are ·separate and distinct proceedings. An appeal from an order granting general letters of administration has only the effect to suspend the order appealed from, and does not in any manner affect or suspend the jurisdiction of the court over the distinct proceeding of special administration of the estate, the object of which is to preserve the estate until general letters testamentary or of administration are granted, and the executor or administrator empowered to take charge of it. The court has jurisdiction, pending such appeal, to order a special administrator to turn over all the property in his possession forthwith to a special administratrix appointed by the court.

APPEAL from an order of the Superior Court of Alameda County directing a special administrator to deliver property to a special administratrix.   John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Edwin A. Meserve, and Henry C. McPike, for Appellant.

Frederick E. Whitney, and Reed & Nusbaumer, for Respondent.

LORIGAN, J.—Special letters of administration in the above estate were granted to C. W. Palm, appellant, on August 30, 1900.

A contest for general letters of administration being subsequently had between himself and respondent, Jennie M. Heaton, the court made an order therefor in favor of the latter, to whom they were issued May 3, 1902. From this order said C. W. Palm appealed.

In September, 1902, said Palm filed an account as special administrator. This account was not accompanied by any resignation as special administrator, or request that he be discharged as such.

Thereafter, and on November 3, 1902, such account coming on regularly for settlement, an order was made settling the same and directing that said Palm ''turn over and deliver forthwith to Jennie M. Heaton, the special administratrix of said estate,'' all the property in his possession belonging to said estate.

Said C. W. Palm likewise appealed from this order, and it is the merit of such appeal that we now have before us, and the only point is whether by the appeal taken from the order granting general letters of administration to respondent, the court was deprived of jurisdiction to make the order complained of in the special administration of the estate. The appellant insists that it was; that the appeal from the order granting such general letters of administration deprived the court of jurisdiction to make any order in the estate, either as to the general or special administration thereon. We cannot agree with this view. The appeal from the order granting general letters of administration to respondent had only the effect of staying all further proceedings upon such order. The proceedings in the general administration of an estate and the proceedings in the separate administration thereof are separate and distinct proceedings. The object of a special administration is to preserve the estate until general letters testamentary or of administration are granted, and the executor or administrator empowered to take charge of it.

If there is any delay in obtaining such letters in the first instance, or if the authority of the executor or administrator is suspended by an appeal from the order granting general letters to either of them, it is the duty of the court to take

charge of the estate by special administration.   (Code Civ.
Proc., sec. 1411; *Estate of Woods,* 94 Cal. 567.)

The policy and purpose of the law is to give the court com-
plete and continuous jurisdiction over such estate by special
administration as long as there is no person entitled to take
charge of it under a grant of general letters, whether the
delay is occasioned through litigation over the right to such
letters, or from any other cause.   Nor is the jurisdiction over
such special administration at all affected by the fact that the
appeal is taken from an order granting general letters.

The effect of such an appeal is only to stay proceedings
upon the order appealed from and in the matter in which
the order was made—the petition for general letters.

The appeal cannot affect the special administration, or con-
trol the power of the court under that administration to make
any order it deems necessary or proper.   Such orders have no
relation or connection with the proceedings in which the order
appealed from is made.   They are made in a separate, dis-
tinct proceeding, and are independent orders.

That such an appeal does not affect the jurisdiction of the
court over a special administration is apparent from the fact
that the taking of the appeal itself, and the consequent delay
which will naturally ensue therefrom in the ultimate deter-
mination of who is entitled to general letters, directly author-
izes the court to appoint a special administrator to control the
estate during such appeal.   (Code Civ. Proc., sec. 1411; *Es-
tate of Woods,* 94 Cal. 567.)   It would present a curious legal
condition if the appeal could deprive the court of further
jurisdiction where the special administration was pending
when the appeal was taken, and confer jurisdiction to inaugu-
rate such administration after it was taken.   No possible
reason could exist for the distinction.

The evident purpose of the law is, that such appeal shall
have no effect whatever upon the proceedings in the special
administration.   The order in the present case was not made
in the matter of the general administration, but was an order
exclusively in the special administration, over which the court
continued to have jurisdiction, notwithstanding the appeal
from the proceeding for general administration.

No attack is made upon this order directing the appellant
to turn over the property to respondent as special adminis-

trator, other than that by reason of the appeal from the grant of general letters the jurisdiction of the court in the special administration was suspended, and as we are satisfied that the appeal had no such effect the particular order appealed from herein is affirmed.

McFarland, J., and Henshaw, J., concurred.