In the Matter of the Probate of the Last Will and Testament of ANGELINE EGGSWARE, Deceased.

Surrogate's Court, Clinton County, July 19. 1924.

**Executors and administrators — appointment of temporary administratrix pending contest of will — executrix named in will should not be appointed merely to save small estate additional expense — said executrix should not be appointed where not disinterested — daughter of deceased being contestant of will should not be appointed.**

The executrix named in a will should not be appointed temporary administratrix pending a contest of the will merely to save the estate, which is small, additional expense.

Nor should the executrix named in the will be appointed where it appears that she is the chief beneficiary thereunder; that her relations with most of the next of kin and heirs at law of the testatrix are unfriendly; that she is charged by the contestants with having exercised undue influence over the testatrix in the execution of the will and that from other circumstances she is not a disinterested party.

A daughter of the deceased who is in fact one of the contestants of the will is not such a disinterested person as to be appointed temporary administratrix.

APPLICATION for the appointment of a temporary administratrix pending a contest of the will of the deceased.

*Ernest C. Gordon,* for the proponent and petitioner.

*Wallace E. Pierce,* for the contestants.

HARRINGTON, S. This is an application made by Julia Robare, the sole executrix named in the will of the above-mentioned deceased, for her appointment as temporary administratrix of said estate, pursuant to section 126 of the Surrogate's Court Act, pending the probate of said will.

Surrogate's Court, Clinton County, July, 1924.     [Vol. 123

Angeline Eggsware, the deceased, died May 19, 1924, and her will was filed and offered for probate in this court on June thirtieth. By said will Julia Robare, the executrix named, is given one-half of the net estate; the remaining one-half is also given to her in trust to pay over the income thereof to a son of the testatrix during his life, with power to pay over any or all of the principal of said trust to the *cestui que trust* whenever in the opinion of said trustee it is wise to do so, with remainder over. In case said son should predecease the testatrix, then the entire estate was bequeathed to the said Julia Robare. Objections to the probate of said will were duly filed by Libbie Labarge, daughter of said deceased, and Wallace E. Pierce, as special guardian of Dora Tourville, infant, and a granddaughter of said deceased. Said objections were that the instrument offered for probate was not the last will and testament of the deceased; that it was not duly executed, as required by law; that the deceased at the time of making the same was not of sound mind, memory and understanding, and capable of making a will, and that the execution of the same was obtained by undue influence.

On July fourteenth the attorneys for the proponent and contestants of the will filed a stipulation with the court, consenting to the necessity for the appointment of a temporary administrator pending the probate of the will and waiving the ten days' notice of the application for such an order, as required by subdivision 1, section 126 of the Surrogate's Court Act. Said motion was then heard. The attorney for the proponent asked for the appointment of the executrix named in the will, as temporary administratrix and urged in favor of her appointment that the objections to the probate of the will as filed were vague and indefinite, and that in view of the size of the estate, the appointment of any other person would cause additional and unnecessary expense.

The attorney for the contestants objected to such appointment and requested the appointment of Amy Carter, the oldest daughter of said deceased. The objections to the appointment of the executrix named in the will as temporary administratrix were that she was charged with exercising undue influence over the deceased in regard to the execution of the will offered for probate; that she was the chief beneficiary under said will; that she was unfriendly with the contestants; that eight out of the nine of the next of kin and heirs at law of the deceased, other than the proponent, objected to her appointment as temporary administratrix.

It appears from the petition for probate that the estate of the deceased consists of $4,500 of personalty.

While section 126 of the Surrogate's Court Act provides that a surrogate may, in his discretion, issue letters of temporary adminis-

tration, when for any cause delay necessarily occurs in granting letters testamentary or letters of administration or in probating a will, it is usual to inquire into the necessity of such an appointment, where the application is opposed; and where, as in this case, the estate is small and consists of personalty only, it might appear unnecessary to issue temporary letters of administration, even though there will be delay in the probate of the will. But as all interested parties have agreed that it is necessary to appoint some one as temporary administrator, it is unnecessary for this court to inquire into the necessity for such an appointment. The only question at issue is that of a suitable person to be so appointed.

By section 126 of the Surrogate's Court Act the appointment of a suitable person as temporary administratrix is left to the discretion of the surrogate. Such section provides for no right of priority to any class of persons to such an appointment, such as is provided by section 118 of the same act in regard to those entitled to letters of administration, and by section 133 as to those entitled to letters of administration with the will annexed. Chapter 71 of the Laws of 1864, section 10, amended chapter 460 of the Laws of 1837, section 23, so as to give the executor named in a will a prior right to be appointed temporary administrator, but by chapter 782 of the Laws of 1867, section 7, the provisions which gave such preference in the act of 1864 were repealed. It would, therefore, seem clear that whether the surrogate should appoint as a temporary administrator of a decedent's estate one who is named as executor in the will being contested, or some other person, must be decided in each case that presents itself upon its own particular facts and circumstances.

As above stated, the attorney for the proponent of the will and the petitioner herein states in support of her application for appointment as temporary administratrix, *first*, that the objections to the will as filed are vague and indefinite, and *second*, that considering the size of the estate, the appointment of any other person would cause additional and unnecessary expense.

Section 147 of the Surrogate's Court Act provides for the filing of objections to the probate of a will. Said section does not provide specifically the context of the objections to be so filed. It would appear, however, that the objections as filed are the usual objections which are filed in ordinary cases of this kind and are sufficient. See 1 Heaton Surr. Ct. (4th ed.) 284.

Furthermore, under circumstances such as exist in this case, it would seem unwise to establish the principle that the executrix named in the will should be appointed temporary administratrix merely in order to save a small estate additional expense, and this, even though if and when so appointed she should file a proper bond

Surrogate's Court, Clinton County, July, 1924.        [Vol. 123

pursuant to the statute. In all such cases, regardless of the size of the estate or the person to be so appointed, such a bond is required; and yet the courts have never held that the filing of such a bond would or could obviate other objections to the appointment of the executor named in the will as temporary administrator, under circumstances such as exist in this case. While the filing of a bond pursuant to the statute in such a case presumably protects the ultimate interests of all parties concerned, still it is conceivable that an executor named in a will being contested, and thereafter appointed temporary administrator, might be so hostile to the contestants and next of kin that in the administration of the estate pending the contest, he would not be so impartial as to justify his custody of the estate during such litigation. In fact the consideration of fairness and justice to all parties, regardless of the size of the estate, would seem to be of more importance than the mere fact that the appointment of the executrix named in the will as temporary administratrix would save expense to the estate. It is safe to assume that the administration of an estate of this size is as important to those interested as the administration of a much larger estate would be to those who would be similarly interested, and being so, the same principle should apply in either case, unless from the peculiar circumstances which might exist in a particular case, but which does not exist here, a different rule should apply.

I find upon an examination of the authorities in this matter that the cases wherein an executor named in the will was appointed temporary administrator, are exceptional ones and are not in harmony with the weight of authority on this question.

In *Jones* v. *Hamersley*, 2 Dem. 286 (1883) where the probate of the will was contested, an application was made by the widow of the testator for the appointment of the executor named in the will as temporary administrator. It would appear that the executor so named was in nowise an interested party in the matter, and in fact the only ground of opposition to him was that if the contested will should be admitted to probate, letters testamentary would be issued to him. It can readily be seen that this case is not an authority for the appointment herein requested. The court granted the application, but at page 288 of the opinion states as follows: " Where an application for the appointment of one named as an executor has been opposed on account of his unfriendly relations with contestants, or of his alleged undue influence in shaping the testamentary dispositions of the decedent, or for some like cause, such application has often been denied. Here, however, the only ground of opposition seems to be the bare fact that Mr. Williams will be entitled to testamentary letters if the paper in dispute shall

Misc. 541]          Surrogate's Court, Clinton County, July, 1924.

be established as a will.  Now that fact of itself tends rather to support than to defeat the petitioner's contention."

In *Haas* v. *Childs*, 4 Dem. 137 (1885), the widow of the testator was named as the executrix of his will, which was being contested. The widow asked to be appointed temporary administratrix pending the probate contest.  The application was opposed by a son of the decedent by a former marriage.  It appears that the will gave one-third of the  entire estate to the widow; the other two-thirds and ultimately the principal of the one-third was bequeathed to seven children born of her marriage with decedent.  It further appears that the said widow was not charged with exercising undue influence upon the mind of the testator, but that contestant's objections were that such undue influence was exerted by " sundry and divers persons unknown."  In view of the vagueness of this allegation and of the fact that, if the alleged will should be rejected and the deceased pronounced intestate, only one-eighth of the principal of the estate, in excess of the widow's interest, would go to the contestant, the court stated that the saving of commissions that would result by her appointment justified it in making such appointment.

In the case at bar the executrix is charged with exercising undue influence upon the mind of the testatrix, to her own advantage. Also in case said will is rejected and the deceased pronounced intestate, she would only receive a small share of the estate, there being several children and grandchildren of the deceased.

*Matter of Hilton*, 29 Misc. Rep. 532 (1899).  This was an application for the appointment of the ones named as executors in a will as temporary administrators, pending the contest of the probate of the will.  It appears that the estate was large and that said executors were charged with exercising undue influence over the testator in regard to the execution of the will.  The application for such appointment was granted, the court stating at page 533 as follows: " The appointment of the executors to be the temporary custodians and administrators, besides effecting a large saving of commissions to the estate, accords with the wishes of those most largely and numerously interested in it, and this circumstance has not been without its proper weight in inducing me to make the appointment."

It is to be noted that in the case at bar the appointment of the executrix named in the will as temporary administratrix is not, as was the case in *Matter of Hilton, supra*, consented to by those *most largely and numerously interested in it*, but is opposed by such a class.

*Matter of Ashmore*, 48 Misc. Rep. 312 (1905).  Here the will of

35

Surrogate's Court, Clinton County, July, 1924. [Vol. 123

deceased was offered for probate by the executor named therein and a citation issued thereupon. Thereafter, and on the same day, the widow of deceased presented a petition setting forth jurisdictional facts and asking that letters of temporary administration issue to herself and the person named as executor in the will, without notice to any other person or persons. Pursuant to said application, letters of temporary administration were so issued and those appointed duly qualified by the filing of a suitable bond, and entered upon the discharge of their duties. This proceeding was an application by one of the heirs at law and next of kin of deceased for a decree revoking said letters of temporary administration on the ground that the surrogate had no jurisdiction to appoint them without notice to the heirs at law and next of kin of deceased, and further, for the reason that they were disqualified from acting in such capacity because both were interested in the estate as legatees mentioned in the will, and that in the pending contest of the probate of the will, the executor mentioned therein was charged with having unduly influenced the testator in the execution of his will. In other words, this was a proceeding to remove temporary administrators after they had been appointed and the court held that on the facts as stated there was no authority for the removal of the temporary administrators. But see page 316 of the opinion, as follows: " In the present case, the petitioner, and the three other heirs who have joined with her and who seek this removal, will not be entitled to one penny of the estate if the will is proved. In the event that the will is not admitted to probate, their combined interest will be only a few thousand dollars out of an estate aggregating nearly $70,000. *The persons who will get the major portion of the estate are satisfied with the appointment as made.*"

Again, the above case is to be distinguished from the case at bar, for the reason that in this estate if the will is denied probate, the contestants will receive the major portion of the estate, and for the further reason that contestants constitute a majority of the heirs at law and next of kin. The converse of these facts was true in the case last above cited.

Where, as in the case at bar, the executor named in the will is the chief beneficiary thereunder; where his relations with most of the next of kin and heirs at law of the testator are unfriendly; where he is charged by the contestants with having exercised undue influence over the testator in the execution of the will being contested, or where, from other circumstances, he is not a disinterested party, the courts have consistently held that such an executor should not be appointed temporary administrator pending the contest of the will.

See *Howard* v. *Dougherty*, 3 Redf. 535 (1878). This was an application for the appointment of the executor named in the will being contested, as temporary administrator pending said contest. His appointment was objected to by the contestants for the reason that he was charged with exercising undue influence over the testator in the execution of the will, and for the further reason of his interest in the estate. The application was denied, and at page 538 of the opinion the court states as follows: "A collector and receiver represents the interests of the respective legatees, if the will shall be admitted to probate; but in case of rejection, he represents the heirs and next-of-kin, and should not be appointed, when it is apparent that, in respect to the probate of the will, he is in hostility to any party he must thus represent, except upon the consent of the respective parties, or for some very special reason rendering him indispensable in the proper administration of the estate." To the same effect, see, also, *Mootrie* v. *Hunt*, 4 Bradf. 173 (1857); *Crandall* v. *Shaw*, 2 Redf. 100 (1874); *Cornwell* v. *Cornwell*, 1 Dem. 1 (1882); *Matter of Sterns*, 9 N. Y. Supp. 748 (1890); *Matter of Plath*, 56 Hun, 223 (1890); *Matter of Eddy*, 10 Misc. Rep. 211 (1894); *Matter of Durban*, 175 App. Div. 688, 690 (1916); affd., 220 N. Y. 589; *Matter of Burnham*, 114 Misc. Rep. 455 (1921).

In conformity to the weight of authority in this matter and for the reasons herein mentioned, I am of the opinion that under the circumstances which exist in this case, the appointment of Julia Robare, the executrix named in the will of the deceased herein, as temporary administratrix, would not be proper.

Neither should Amy Carter be so appointed. While she is not one of the parties who filed objections to the probate of the will of the deceased, counsel for the contestants on the agrument of this motion stated, and his notice of appearance shows, that he also represents Amy Carter in this matter, and that she is in fact one of the contestants. Under these circumstances, she is not such a disinterested person as should be appointed temporary administrator in this proceeding.

The parties to the contest may agree upon some suitable person to receive the appointment, and if they are unable to do so, the court will appoint such a person.

Decreed accordingly.