In the Matter of Proving the Last Will and Testament of EDWARD C. PEARSON, Deceased, as a Will of Real and Personal Property.

CARL T. BYRD, Appellant; ADA F. HIGGINS and Others, Respondents.

Third Department, January 22, 1930.

*William W. Conrad* [*Samuel Rubin* of counsel], for the appellant.

*Frederick G. Mitchell* [*Charles J. Staples* of counsel], for the respondents.

PER CURIAM. The petitioner, a legatee, offered for probate a will executed a few hours before the death of the testator. Other interested parties filed objections and seek to establish an earlier holographic will. Pending the contest the petitioner asked for the appointment of a temporary administrator of the estate of the testator and nominated for such position the Title Guarantee and Trust Company of New York City, which had been named as executor in both wills. The surrogate appointed Maurice Callahan, a resident of the county of Hamilton. From the order making such appointment the petitioner appeals.

The argument here is in effect that the surrogate had no discretion but was required to name the executor to the position in the interest of economy and because the testator had expressed his wish in naming an executor that the property should be confided to its care. No complaint is made as to the fitness and capability of the person appointed.

The statute gives to the surrogate the discretion to make the appointment. (Surr. Ct. Act, § 126.) There are expressions of policy based on reasons of economy to be found in opinions, whereby certain surrogates generally appoint the executor unless a good reason appears for acting otherwise. A typical case is *Matter of Shonts* (109 Misc. 276, 286; 229 N. Y. 374). There is no doubt of the wisdom of the policy in general, but it is not an inflexible rule binding on other surrogates, and is readily varied when sufficient reason appears for departing from the policy. Where the executor is not disinterested or is a party to the contest or litigation, surrogates have been deemed justified in the exercise of discretion in appointing a stranger. (*Matter of Plath*, 56 Hun, 223; *Matter of Durban*, 175 App. Div. 688; affd., 220 N. Y. 589; *Matter of Eggsware*, 123 Misc. 541; *Matter of Burnham*, 114 id. 455.) The question of economy is not at all times controlling. (*Matter of Watson*, 209 App. Div. 876, affg. 123 Misc. 323; *Matter of Burnham, supra.*)

The executor is a party to the contest. (Surr. Ct. Act, § 140.) There was evidence before the surrogate which may have led him to believe that the executor was not disinterested but that its officers were partisan in their attitude in the controversy. Furthermore it appears that valuable real property owned by the testator consisted of a " camp " at Lake Pleasant in Hamilton county. The buildings required supervision and care for their preservation; and the temporary administrator named and given charge of this valuable property was peculiarly fitted by location and experience to care for it. The corporate executor was not capable of rendering the same quality of service.

The discretion to appoint was vested in the surrogate. We think his discretion was not unwisely exercised.

The order should be affirmed, with ten dollars costs and disbursements payable out of the estate.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Order affirmed, with ten dollars costs and disbursements payable out of the estate.