[L. A. No. 17771. In Bank.—Aug. 25, 1941.]

LILLIAN MAE O'BRYAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Eckman & Lindstrom for Petitioner.

Cosgrove & O'Neil, John M. Clayton, J. H. O'Connor, County Counsel, Douglas DeCoster, Deputy County Counsel, Marshall Stimson and Noel Edwards for Respondents.

SHENK, J.—This is a proceeding in *mandamus* to compel the respondent superior court to set aside an order appointing the Citizens National Trust and Savings Bank as special administrator of the Estate of William Henry O'Bryan, deceased, and to enter an order appointing the petitioner as such special administratrix.

At the age of seventy-two years, the decedent passed away in Los Angeles County on September 18, 1940, leaving an estate in real and personal property of the approximate value of twenty-five thousand dollars. The petitioner and the decedent were married on or about January 28, 1935, and she is the surviving widow. By a former marriage she has a son, Reginald Hardy, and a daughter, Roberta Birkinshaw. Also surviving the decedent, by a former marriage, are a son, William Cedric O'Bryan, and two daughters, Lyndal O'Bryan Douglas and Elise O'Bryan Gadow.

Under date of July 10, 1939, the decedent and his wife, petitioner herein, executed a joint will in which it was declared that the only children of the decedent were William Cedric O'Bryan and Lyndal O'Bryan Douglas. No mention was made in this will of the daughter Elise O'Bryan Gadow. By this will the property of the decedent was left to the survivor and then, upon the decease of both, should it be simultaneous, to be disposed of in accordance with the terms of the will in which the estate was left to J. Carlton Wetherby in trust for numerous bequests, including $25 each month for life to William Cedric O'Bryan and the sum of $1000 to Lyndal O'Bryan Douglas, with J. Carlton Wetherby as the residuary legatee. The petitioner herein filed a petition for the probate of said will on September 25, 1940. In said will she was appointed executrix without bond.

On September 27, 1940, Lyndal O'Bryan Douglas, daughter of the decedent, filed a petition for the probate of a will bear-

ing date May 19, 1926. By this will the estate is left to the daughter Lyndal, who is appointed executrix without bond, and with the request that she carry out the "known wishes" of the testator and especially for the benefit of six named persons, including his son William Cedric O'Bryan and his daughter Elise O'Bryan Gadow. This will was confirmed by the decedent by letter to his daughter of date February 3, 1934.

In October, 1940, the daughter of the decedent, Lyndal O'Bryan Douglas, filed a contest before probate of the will of July 10, 1939, alleging as grounds of contest that said will "was procured by the undue influence of Lillian Mae O'Bryan." It is then alleged that for a long time prior to the execution of the second will the decedent was afflicted with disease of body and mind; that by reason of age and diseased physical condition he was weakened in mind and body and reasoning faculties and that he was influenced and dominated by said Lillian Mae O'Bryan; that at the time the will of 1926 was executed the son of the decedent was unable to support himself and received the support of his father; that after their marriage the said Lillian Mae O'Bryan so dominated and exercised control over the decedent that she induced him to assume an unfriendly attitude toward his son, William Cedric O'Bryan, and toward the contestant; that she induced the decedent to cause his son to leave his home and to provide a home for her own daughter; that she influenced and persuaded the decedent to make a will which left all of his property to her, to the exclusion of his son and to the exclusion of the contestant, who had theretofore enjoyed the full confidence of the decedent, and to the exclusion of the other daughter, Elise O'Bryan Gadow; that the said will was not the free and voluntary act of the decedent; and that had he been free from such undue influence he would not have made said will.

On or about November 18, 1940, the daughter Lyndal O'Bryan Douglas filed a petition for the appointment of the Citizens National Trust and Savings Bank as special administrator of said estate, pending the determination of the will contest. About four days later the petitioner herein filed a petition stating that she had theretofore nominated the Security-First National Bank of Los Angeles to serve as special administrator, but that she had withdrawn said nomination.

She prayed that she, herself, be appointed special administratrix until the determination of said contest.

Written opposition to the petition of the widow was filed by the daughter Lyndal O'Bryan Douglas, alleging the facts relating to the opposing petitions and contest, and further that the appointment of the petitioner Lillian Mae O'Bryan, ''who is a defendant and an interested party in the aforementioned contest, would give to her an advantage in said contest and would be prejudicial to the interests of the objector.''

The trial court heard the opposing applications for special letters on the respective affidavits and objections and on oral evidence taken at the hearing, and made an order denying the application of Lillian Mae O'Bryan for appointment of herself as special administratrix and appointing the Citizens National Trust and Savings Bank as special administrator. The present proceeding was then commenced to compel the respondent to set aside said order. As a return to the alternative writ, the respondent court has filed a general demurrer and an answer.

The answer raises no issues of fact which would require a reference. It denies the allegations of paragraph VII of the petition, wherein it is alleged that the petitioner is entitled under the Probate Code to appointment as special administrator by reason of the fact that she is the surviving widow of the decedent and as such is the only person entitled on the showing made to the respondent court to letters testamentary, and that the court abused its discretion in appointing the Citizens National Trust and Savings Bank as special administrator. The answer further alleges that in determining the controversy between the two applicants for special letters the respondent court and judge gave full consideration to all of the evidence, including the provisions of the respective wills, the contest filed by the daughter of the decedent, the petition by the widow for the appointment of the Security-First National Bank as special administrator, and the withdrawal thereof, the petitions for special letters filed by the widow and by the daughter and the opposition thereto, the affidavits filed by or on behalf of the respective parties, the oral evidence introduced at the hearing, and the fact that in the will of July 10, 1939, the decedent had made no mention of his daughter Elise O'Bryan Gadow; and that the court had concluded from the evidence presented that as each petitioner

for special letters was claiming title to the property of the estate, it was not a case wherein ordinarily the person first entitled to letters testamentary should receive the same, and that it was for the best interests of all parties to the controversy that "a neutral and disinterested party be appointed special administrator pending the determination of the will contest." The foregoing denials and allegations of the answer raise other issues of law or present facts not in controversy or facts which may be inferred from the showing made by the petitions, the exhibits attached thereto, and the order of court appointing the bank as special administrator.

It is conceded at the outset by the petitioner herein that she "does not contend that the Probate Court is without either jurisdiction or discretion in the appointment of a special administrator." Her position is narrowed to the contention that on the evidence presented the court could act in one way only, that is, by the appointment of herself as special administratrix and, therefore, that the court so abused its discretion as to require its action to be controlled in her favor by the writ of *mandamus*.

■ The object of special administration is, of course, "to preserve the estate until general letters testamentary or of administration are granted, and the executor or administrator empowered to take charge of it." (*Estate of Heaton,* 142 Cal. 116 [75 Pac. 662].) It should be borne in mind that no one as yet has become entitled to take possession of the estate under general letters. As said in *Estate of Heaton, supra,* at page 118, "The policy and purpose of the law is to give the court complete and continuous jurisdiction over such estates by special administration as long as there is no person entitled to take charge of it under a grant of general letters, whether the delay is occasioned through litigation or from any other cause."

Indeed, the statute vests in the probate court very extensive powers in the matter of the appointment of special administrators. Section 461 of the Probate Code provides: "The appointment [of a special administrator] may be made at any time without notice or upon such notice to such of the persons interested in the estate as the court may deem reasonable. In making the appointment, preference must ordinarily be given to the person entitled to letters testamentary or of administration, but such order is not appealable." This section

was enacted in 1931. It was a re-enactment of provisions on the same subject contained in former sections 1412 and 1413 of the Code of Civil Procedure. It has been the law of this state at least since 1872 that the probate court has the power to appoint a special administrator *without notice* and that the order of appointment is *not appealable*. It is true that section 1413 as originally enacted and as in force until 1931 provided that in making the appointment of a special administrator the court "must give preference to the person entitled to letters testamentary or of administration." In the enactment of 1931 the word "ordinarily" was inserted between the words "must" and "be given," so that the provision now reads: "In making the appointment, preference must ordinarily be given to the person entitled to letters testamentary or of administration."

The petitioner concedes that prior to the change in 1931 the court had discretion to appoint a stranger as special administrator and asserts that the addition of the word "ordinarily" was merely a recognition of what was implicit in the law prior thereto. "This discretion is not *enlarged* by the 1931 amendment," counsel for the petitioner says, "it is merely recognized." But he asserts that at all times the discretion of the court could be exercised in the appointment of a stranger only on a proper showing of "facts in evidence indicating incompetency, fraud, forgery, etc.," and that such showing was not made in this case.

For the purpose of this case, we are willing to proceed in accordance with the petitioner's conception of the law, both past and present. We cannot, however, follow counsel to the conclusion that the order of court now sought to be set aside was lacking in factual support. The foregoing statement of the facts discloses that the court was confronted with rival claimants to the estate under separate wills, one the widow and the other a daughter of the decedent. A rather bitter will contest was pending, in which the widow was charged with over-reaching the father of the contestant in the execution of the will in controversy, in which for no apparent reason except as the result of an alleged weakened and diseased mental and physical condition, of which the widow is charged to have taken advantage, he had omitted to mention in the will under contest the daughter Elise O'Bryan Gadow as one of his heirs. This fact is mentioned, not for

the purpose of indicating at this time any probative value to its significance, but to show that the court did not arbitrarily and without reason, based on the record, refuse to appoint the widow as special administratrix, but could on all the evidence presented conclude that it would be for the best interests of the estate to have a neutral party in charge of the estate during the temporary period of the will contest.

We know of no case, and counsel for petitioner has cited none where, under a similar state of facts, the order of the . court appointing a special administrator has been disturbed. In *Dahlgren* v. *Superior Court*, 8 Cal. App. 622 [97 Pac. 681], an order appointing the First Federal Trust Company as special administrator was sought to be annulled in *certiorari* on the ground that preference should have been but was not accorded to the daughter of the decedent, in all respects qualified, for such appointment. It was held that the failure to grant such preference in accordance with the statutory requirement, however gross an error it might be, was within the jurisdiction of the court to commit and that its action could not be set aside on *certiorari*. It is to be here observed that the petitioner is seeking to set aside an order of court admittedly made within its jurisdiction. ▮ The holding in the Dahlgren case is not only in accordance with the general rule, but it is also the general rule that when the court has acted on a matter within its jurisdiction its proceedings, however erroneous, may not be reviewed on an application for the writ of *mandamus*. (*Bauer* v. *Superior Court*, 208 Cal. 193, 198 [281 Pac. 61]; *People* v. *Superior Court of S. F.*, 114 Cal. 466 [46 Pac. 383]; 16 Cal. Jur., p. 822; 7 Cal. Jur. Ten-year Supp., p. 698, and cases cited.) The general rule with its rare exceptions was stated by this court in *Hilmer* v. *Superior Court*, 220 Cal. 71 [29 Pac. (2d) 175], at page 73, as follows: "It is well settled that *mandamus* will not lie to control the discretion of a court or judicial officer or to compel its exercise in a particular manner, except in those rare instances when under the facts it can be exercised in but one way (citing cases). Stated differently, a court can be compelled to act, but having acted, its act cannot be reviewed on *mandamus*." ▮ Counsel for petitioner has endeavored to bring this proceeding within the class of "those rare instances" where, because of undisputed facts, no discretion is vested in the court and action thereon only "in one way" may be

taken. But the broad terms of the statute as applied to the facts above outlined preclude such a holding. Certainly the petitioner is not a disinterested person. As the proponent of the will under which she would take to the exclusion of the contestant, she is charged with fraud. The verified allegations of undue influence are entitled, *prima facie*, to some verity. But, say counsel, quoting from *In re Erlanger's Estate,* 136 Misc. 793 [242 N. Y. Supp. 249, 252–254], "If a mere charge of undue influence in the procurement of a will can eliminate the person named as executor from appointment as temporary administrator, a very simple and effective method of disqualification would result. A simple charge of undue influence or fraud in the general form of objections, usually filed to the probate of a will, would be sufficient." In the cited case the court concluded that the special circumstances there presented did not constitute a disqualification of the executor named in the will to act as special administrator pending hearing on objections to the probate of the will. On the other hand, the special circumstances surrounding a contest might well lead to the opposite conclusion. It certainly may not be said that a designing person, otherwise qualified and entitled ordinarily to preference, should be permitted to obtain control of an estate, although temporarily, by exercising undue influence on a weak or incompetent or credulous person, or by committing forgery or other species of fraud in connection with the testamentary act, and thus deprive the court of weighing the circumstances appearing prior to the contest and of exercising its discretion by placing the estate for the time being in the hands of a disinterested person. It has been recognized by the courts in the State of New York that the appointment of a person to act as special administrator other than the executor named in the will is not an abuse of discretion. (*In re Pearson's Estate,* 228 App. Div. 418 [239 N. Y. Supp. 653].) The court in that case said: "Where the executor is not a disinterested party or is a party to the contest, surrogates have been deemed justified in the exercise of discretion in appointing a stranger." (See also *Estate of Eggsware,* 123 Misc. 541 [206 N. Y. Supp. 18].)

In *Luckey* v. *Superior Court,* 209 Cal. 360 [287 Pac. 450], this court recognized that there is a distinction between the interest of a representative under a will duly admitted to

probate and that of an administrator who is the proponent of an unadmitted will under attack on the ground that it is the product of the fraud and undue influence of said administrator. In that case the court denied *certiorari* on the ground that there was no abuse of discretion in the court's action in revoking letters of administration issued to one who subsequently was the proponent of a will under which he received a major share of the estate and which was attacked on the ground of fraud, forgery and undue influence, and in appointing a stranger as special administrator pending the outcome of the contest.

The petitioner herein has not shown either that the respondent court had no discretion to appoint a person other than the petitioner as special administrator, or, deeming the question appropriate in this proceeding, that the exercise of its discretion was unwarranted by the special circumstances presented to it.

The petition for the peremptory writ is denied and the alternative writ is discharged.

Gibson, C. J., Curtis, J., Traynor, J., and Pullen, J., *pro tem.*, concurred.

CARTER, J., Dissenting—I dissent.

The sole issue presented in this case is whether a person entitled to a preference under the Probate Code, may be denied the right to be appointed special administrator of an estate because he is charged with fraud and undue influence in a pending will contest, the will in which he is named executor having been offered for probate. The same rules should be applied in solving that problem as are pertinent to a general administrator. That is especially true when it is remembered that the powers and duties of a special administrator are not as great or important as those of a general administrator. The object of special administration is not to bring about a general administration of the estate. He is an emergency officer whose duties are merely to take possession of and preserve the estate until general administration can be had. (11B Cal. Jur. 864.) Therefore, in determining who shall have preference in the matter of appointment, there should in fact be required more of a showing to constitute disqualification in the case of special administration than in

general administration. Turning to the rules pertaining to the appointment of general administrators we find that the preferences set forth in section 422 of the Probate Code, are to be applied unless the applicant is disqualified to act. Section 401 describes those persons who are disqualified to act as executors or administrators as follows:

"No person is competent to serve as an executor or executrix who is under the age of majority, convicted of an infamous crime, or adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity. Marriage does not disqualify a woman from serving as executrix." No authorities hold that merely because a person is engaged in a will contest he is disqualified to act as an administrator. It is obvious that being charged in a will contest with fraud and undue influence is not specified in the Probate Code as a ground of disqualification. While it may be true that contrary to the formerly existing rule and since the decision of this court in *Estate of St. John,* 8 Cal. (2d) 175 [64 Pac. (2d) 725], an interest *adverse to the estate* is grounds for denial of the preference, a respondent in a will contest does not have an interest *adverse to the estate.* His interest may be adverse to other heirs or claimants to the estate, but he makes no claim that any of the property is his rather than the estate's.

Merely because allegations of fraud and undue influence are alleged against a person is no proof whatsoever of the guilt of that person. If it were, then the petition on the contest would be admissible to prove the matters charged. On the contrary the presumption is that petitioner here is honest, fair and impartial. It is said in 11A Cal. Jur. 266, with respect to matters bearing upon the qualifications of administrators:

"Incompetency or *disqualification is not presumed,* even from the fact that a prior application of the person for letters was denied. While there is no presumption that a person is a resident of the state or of any particular age, *the presumptions are against the existence of any of the other disqualifications.* The burden is on the objector to establish them.

"Every person is presumed to be sane and in the full possession of ordinary mental faculties, and *to be innocent of*

*crime.* Likewise, *one is presumed to possess a fair character for truth, honesty and integrity, and to take ordinary care of his own concerns."* Further, it is pertinent to observe that the rule is firmly established that great weight is to be given to the testator's choice of the executor and his desire is not to be thwarted except in the strongest case. It is stated in 11A Cal. Jur. 270:

"It has been said that nomination of a person as executor is evidence of the confidence reposed in him by the testator, and the deliberate purpose and desire thus solemnly expressed should not be thwarted unless the plain provisions of the law or the interests of justice demand it."

In the instant case petitioner was named in the will as executrix, and although the issue is the appointment of a special administrator rather than an executor, we still have the choice and desires of the testator before us. Summing up then, we have the bare unsupported allegations charging petitioner with fraud and undue influence in a will contest which is utterly no evidence of the truth of those charges. Opposed to that is the presumption of honesty and integrity and the declared wish of the testator. Only one conclusion can follow therefore, i. e., that there is an absolute failure to show any disqualification on petitioner's part; the only evidence is to the contrary. Such a situation shows an abuse of discretion on the part of the trial court in denying petitioner the preference to which she is entitled. Indeed, it has been squarely held in California that preference in appointment of a special administrator must be given to an executor named in the will, although he was the proponent of the will and it was being contested, and further that he claimed adversely to the estate. (*Estate of Held,* 1 Cof. Prob. Dec. 206.)

The wording of section 461 of the Probate Code that in making the appointment of a special administrator "preference must *ordinarily* be given to persons entitled to letters . . . of administration," cannot alter the situation. I have hereinabove pointed out the cogent reasons why the same rules should be followed with reference to qualifications and preference whether the administrator be general or special. Obviously, the word "ordinarily" was used to prevent the appointment of those persons who, although having a preference, would be disqualified to act, the grounds for disqualification being the same as for general administrators. "Ordi-

narily'' in its customary usage means normally. If normally the preference must be observed, then under abnormal conditions it must not be. The abnormal conditions which immediately spring in the mind are those in which the applicant for special letters is disqualified. The test of disqualification must be found in the rules applicable to general administrators. (Probate Code, sec. 401.)

The effect of the majority opinion is to confer upon the trial court the power to deny special letters of administration to any person named as an executor or executrix in a will where a will contest is instituted before probate and charges of fraud or undue influence are made against the person so named, whether such person be a husband, wife, child, father or mother of the testator and possess an exemplary character and an unblemished reputation. I cannot agree that the legislature intended such an interpretation to be placed upon section 461 of the Probate Code.

It is a matter of common knowledge that charges of fraud and undue influence are easy to make and difficult to prove, and a review of the cases involving such charges which are reported in the decisions of this and the appellate courts of this state discloses that substantial evidence must be produced by a contestant in order to invalidate a will on either of these grounds.

In my opinion petitioner is entitled to the writ prayed for.

Edmonds, J., concurred.

Petitioner's application for a rehearing was denied September 22, 1941. Edmonds, J., and Houser, J., voted for a rehearing.