**STATE of Missouri ex rel. Lila BURKE, Relatrix,**

v.

**Hon. William R. ROSS, Camden County Probate Judge, Respondent.**

No. 8688.

Springfield Court of Appeals, Missouri.

Oct. 11, 1967.

J. W. Grossenheider, Lebanon, for relatrix.

Richard E. Feutz, Camdenton, for respondent.

TITUS, Judge.

Relatrix filed her petition for writ of mandamus in the Circuit Court of Camden County to compel the respondent probate judge to vacate an order appointing Richard E. Feutz administrator ad litem of the estate of James M. Lane, deceased, and to appoint her in his stead. This appeal followed the court's denial of a request the alternative writ be made peremptory.

Distributees of decedent's estate are his seventy-eight year old sister (the relatrix) and three children of a deceased brother. V.A.M.S. § 473.117, subd. 1, disqualified the non-resident children from serving as administrators. We are here principally concerned with the following statutes, the pertinent parts of which provide:

V.A.M.S. § 473.110. "* * * 2. Letters of administration shall be granted to the following persons if otherwise qualified: * * * (2) To one or more of those who are entitled to distribution of the estate * * *"

V.A.M.S. § 473.113. "Letters may be granted at any time to any person deemed suitable, if the persons entitled to preference file their renunciation thereof * * *"

V.A.M.S. § 473.423. "An * * * administrator may establish a claim against his * * * intestate * * * he shall file his claim and other papers, and the court shall appoint some suitable person as administrator *ad litem* to appear and manage the defense."

On March 24, 1966, relatrix filed her written renunciation to serve as administratrix because "due to ill health I feel unable to serve." As she had requested, the probate court appointed her son administrator and on September 28, 1966, he filed his claim against the estate for money allegedly due "on account of care, maintenance and services furnished the deceased during his lifetime." At the time the claim was made, the administrator also filed a petition for the appointment of an administrator ad litem. This was not acted upon until after relatrix filed her own petition on February 20, 1967, requesting she be appointed administratrix ad litem. Thereafter, respondent wrote the attorney for relatrix "the court feels that a disinterested person should be appointed * * * therefore [I] have made an order appointing Richard E. Feutz, attorney, as the administrator ad litem for the purposes of this litigation." The petition for writ of mandamus was thereafter filed.

■ The only point relied on in the brief of relatrix is "The court erred in

denying Relator a peremptory writ of mandamus because under the law and the evidence Respondent should have sustained the application for appointment as administratrix ad litem filed by Relator which he failed to do, so that a peremptory writ of mandamus should have been granted." This statement constitutes an unadulterated infraction of V.A.M.R. 83.05(a) (3) and V.A.M.R. 83.05(e) by wholly omitting any attempt to state "wherein and why" the court erred in denying the peremptory writ and what evidence and law existed to require respondent to appoint relatrix administratrix ad litem. Davis v. City of Independence, Mo. (banc), 404 S.W.2d 718, 724–725(9); Chance v. Atchison, Topeka and Santa Fe Railway Co., Mo., 389 S.W.2d 774, 778. We would be justified in ruling the point relied on in the brief of relatrix presents nothing for appellate review. Nevertheless, to attend to the disposition of the case on its merits (V.A.M.R. 83.24) we will indulge the violation and seek the intended assertions the best we can decipher.

The contention of relatrix seems narrowed to the averment she should be afforded the same priority to appointment as administratrix ad litem under V.A.M.S. § 473.423 as she had to letters of administration under V.A.M.S. § 473.110 and respondent had no discretion but to appoint her administratrix ad litem. Relatrix further says her "prior renunciation [to serve as administratrix] does not bar a subsequent appointment."

Administrators have been categorized as being "general" or "special." A "general administrator" is one concerned with the main and over-all usual duties of administering and distributing the assets of the estate. He is the concern of V.A.M.S. § 473.110, supra, and also of V.A.M.S. § 473.147 which provides for the appointment of a successor to an administrator who has died, resigned or been removed, and to situations where the first administrator has been discharged and the subsequent discovery of unadministered assets requires the appointment of another. A "special administrator" is one needed to perform a particular or distinctive function because of a unique, uncommon or exceptional development. For example: V.A.M.S. § 473.133 (administrator to serve during the minority of or in the absence of an executor named in a will); V.A.M.S. § 473.137 (administrator appointed for the duration of a will contest); and V.A.M.S. § 473.423 supra (administrator ad litem to "appear and manage the defense" of a claim filed by the general administrator or executor). The appointment of a "general" type of successor administrator under V.A.M.S. § 473.147 goes "to whom administration could [or would] have been granted if the original letters had not been obtained." The "special" administrator under V.A.M.S. § 473.133 is merely "some other person," under V.A.M.S. § 473.137 it is "some disinterested person or corporation," and under V.A.M.S. § 473.423 he is "some suitable person," all without reference to any of the priorities noted in V.A.M.S. § 473.110. Thus we see a statutory pattern that guides the probate judge to the priority statute in appointing general administrators but which makes no such direction in the selection of special administrators. Almost one hundred years ago when a will contest arose our Supreme Court was confronted with a widow's claim that she was entitled to preference in the appointment of administratrix pendente lite because of the priority given her in a statute comparable to V.A.M.S. § 473.110. In Lamb, Adm'r v. Helm, Adm'x, 56 Mo. 420, 433, the court stated the appointment of "such special administrators * * * were not contemplated by, or included in, the provisions" of the statute providing for priorities in the appointment of general administrators. To like effect: "Statutory provisions as to preferences, which are applicable in cases of general administration do not govern the appointment of a special or temporary administrator pendente lite, nor do they prevent the Court from exercising its discretion to appoint an impartial adminis-

trator." 31 Am.Jur.2d, Executors and Administrators, § 651, p. 275. "In the absence of statute the selection of a temporary or special administrator is not limited to those entitled to ordinary administration, but rests in the discretion of the court." 34 C.J.S. Executors and Administrators § 1035d, pp. 1301–1302. In our opinion relatrix had no priority to the appointment as administratrix ad litem and the probate court, in its discretion, was at liberty to appoint "some suitable person" without regard to the priorities enumerated in V.A.M.S. § 473.110.

 We are further persuaded relatrix cannot properly insist upon priority for while the renunciation of her right to administer the estate "was not a disqualification to act as such * * * [it] was a renunciation of her right of preference or priority in the granting of letters of administration * * * Having renounced her right of priority, she could not have prevented the grant of letters thereafter to another by an exercise of the right of preference or priority which she had waived by her renunciation." Ross v. Pitcairn, Mo., 179 S.W.2d 35, 38(9), 153 A.L.R. 215, 220. "[T]he better doctrine is that, when the privilege [priority] once is renounced or waived, it is lost forever and cannot be recalled." State ex rel. Burns v. Romjue, 136 Mo.App. 650, 658(2), 118 S.W. 1188, 1191(1); State ex rel. Ambercrombie v. Holtcamp, 267 Mo. 412, 422–423, 185 S.W. 201, 204; 4 Missouri Practice—Probate Law and Practice by Almon H. Maus, § 658, pp. 16–17.

"[M]andamus will not lie to control the discretion of a court or judicial officer or to compel its exercise in a particular manner, except in those rare instances when under the facts it can be legally exercised in but one way," (O'Bryan v. Superior Court of Los Angeles County, 18 Cal.2d 490, 116 P.2d 49, 53 [7] 136 A.L.R. 595) and the one seeking the writ must prove he has a clear and specific right to the remedy, for mandamus will not issue in doubtful cases. State ex rel. Christian v. Lawry, Mo.App., 405 S.W.2d 729, 731(7); State ex rel. Great Lakes Pipe Line Company v. Hendrickson, Mo., 393 S.W.2d 481, 483(1); State ex rel. Reis v. Nangle, Mo. App., 349 S.W.2d 508, 511(1, 2). This is not a case where the probate court's discretion can be exercised in only one way and the charge made that if respondent had any discretion in the matter he abused it has no evidentiary support and is simply couched in a conclusion. The circuit court was correct in refusing to make the alternative writ peremptory and its judgment is hereby affirmed.

STONE, P. J., and HOGAN, J., concur.