[Civ. No. 50899. Second Dist., Div. Four. Feb. 23, 1978.]

Estate of HOWARD ROBARD HUGHES, JR., Deceased.
BRUCE A. ALTMAN, as Public Administrator, etc.,
Petitioner and Appellant, v.
RICHARD C. GANO, JR., as Special Administrator, etc.,
Objector and Respondent.

**COUNSEL**

John H. Larson, County Counsel, and Gordon W. Treharne, Deputy County Counsel, for Petitioner and Appellant.

Gibson, Dunn & Crutcher, Ronald E. Gother and Marc R. Isaacson for Objector and Respondent.

**OPINION**

**FILES, P. J.**—On April 14, 1976, nine days after the death of Howard Robard Hughes, Jr., (hereinafter decedent), Richard C. Gano, Jr., (hereinafter respondent) was appointed special administrator of the California estate of decedent in an ex parte proceeding. Mr. Gano is a resident of California and a first cousin of decedent. He had been nominated as special administrator by Annette Gano Lummis of Houston, Texas, the aunt of decedent.[1]

On July 7, 1976, appellant Bruce A. Altman, Public Administrator of the County of Los Angeles (hereinafter appellant) filed a petition to suspend the powers of the special administrator and to revoke the special

---

[1]In the petition for special letters of administration it was alleged that at the time of his death, decedent was not married, had no issue, parents, brothers or sisters or descendants of brothers or sisters, parents of any predeceased spouse or brothers or sisters or descendents of brothers or sisters of any predeceased spouse, and that decedent's only heirs at law are his next of kin, of which his aunt Annette Gano Lummis is the closest to decedent.

letters of administration pursuant to Probate Code section 521, on the grounds that "the special administrator has or is about to waste the property of the estate committed to his charge." Two supplements to that petition were later filed.

On July 21, 1976, the trial court granted respondent "the additional powers, duties and obligations of a General Administrator." This action was taken by the court pursuant to Probate Code section 465 because a proceeding had been instituted to contest an alleged will.

Respondent filed a "Motion for Judgment on the Pleadings or for Summary Judgment" upon the ground that appellant's motion failed to allege facts which would justify suspension or revocation.

On October 8, 1976, the probate court made an order granting respondent's motion, and denied appellant's petition, holding that appellant's petition as supplemented failed "to state facts or allegations, which if accepted as true, are sufficient to constitute grounds for removal of the Special Administrator on any of the theories of waste, mismanagement, constructive fraud, adverse interests or any other ground for removal delineated in Section 521 of the Probate Code or otherwise."

Appellant appeals from the order of October 8, 1976, denying his petition. That order is not appealable.

Probate Code section 461 provides that an order appointing a special administrator is not an appealable order. (See *O'Bryan* v. *Superior Court,* 18 Cal.2d 490, 495 [116 Cal.Rptr. 49, 136 A.L.R. 595]; *Estate of Hewitt,* 160 Cal.App.2d 584, 586 [352 P.2d 113].) Probate Code section 465 provides in part here pertinent as follows: "If a special administrator has been appointed, and thereafter a proceeding to contest a will prior to the probate thereof has been instituted, the court shall make an order providing that such special administrator shall thereafter have the additional powers, duties and obligations of a general administrator, and requiring that he give such additional bond as the court deems proper. Such order is not appealable and from the time of the approving and filing of any such additional bond as may be required, such special administrator shall have the powers, duties and obligations of a general administrator."

In *Estate of Windiate,* 197 Cal.App.2d 560, at page 563 [17 Cal.Rptr. 297], the court states: "The order denying the petition to revoke and

annul *nunc pro tunc* letters of special administration is a nonappealable order. Section 465 of the Probate Code, authorizing in specified situations the appointment of a special administrator with general powers, expressly states: 'Such order is not appealable . . . .' Since no right of appeal from an order of appointment is conferred by statute, it follows that no right of appeal from an order refusing to revoke and annul letters of special administration exists."

Appellant suggests that the reasoning of *Windiate* is not applicable here because the attempted appeal in that case was from a motion to revoke nunc pro tunc. The statutory policy since 1872 has been to confer "very extensive powers in the matter of the appointment of special administrators" and to preclude appellate review of that appointment. (See discussion in *O'Bryan* v. *Superior Court, supra,* 18 Cal.2d at pp. 494-495, a case in which the Supreme Court considered whether to grant relief by extraordinary writ.) The policy which forbids appeal from an order appointing a special administrator also applies to an appeal from an order refusing to remove.

Appeals in probate matters are limited to those provided in Probate Code section 1240. (*Estate of Schectman* (1955) 45 Cal.2d 50, 54 [286 P.2d 345]; *Estate of Moore* (1974) 43 Cal.App.3d 334, 341 [117 Cal.Rptr. 571].) That section does not mention orders revoking special letters of administration. Section 1240 does say "An appeal may be taken from an order granting or revoking letters testamentary or of administration; . . . ." Obviously, "letters testamentary or of administration" as used in that clause of section 1240 does not include special letters of administration, or special letters of administration with general powers. Such an interpretation would conflict with the plain language of sections 461 and 465, discussed *supra*.

Since Probate Code section 1240 makes no provision for an appeal from an order refusing to revoke special letters, the order is not appealable.

The appeal is dismissed.

Kingsley, J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied March 15, 1978, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied April 19, 1978.