STATE of Missouri, ex rel. Dana Ruth SCOTT, Relator,

v.

Hon. William J. MARSH, Circuit Judge, 16th Judicial Circuit, Jackson County, Missouri, Respondent.

No. WD 34903.

Missouri Court of Appeals, Western District.

Oct. 11, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 29, 1983.

William G. Zimmerman & Richard L. Sandler, Kansas City, for relator.

Dennis D. Palmer, Kansas City, for Beneficial Finance Corp. of Mo., Inc., Beneficial Management Corp of America and Beneficial Management Corp.

Harlan D. Burkhead, Kansas City, for Judge Marsh & Beneficial Corp.

### ORIGINAL PROCEEDINGS IN MANDAMUS

Before PRITCHARD, P.J., and MANFORD and LOWENSTEIN, JJ.

MANFORD, Judge.

In this original proceeding, relator asks this court to compel respondent circuit judge to vacate his order of March 4, 1983. Respondent's order, in summary, provided that (1) service of process upon the Beneficial Corporation be quashed and relator's second amended petition be dismissed as to

such defendant, (2) relator's motion to compel as to Beneficial Corporation be overruled, (3) relator's notice to take deposition of Beneficial Corporation be quashed and defendant's motion for protective order relating to relator's notice to take deposition be sustained, (4) the joint motion of all defendants to quash relator's notice to take depositions be sustained, and (5) relator's motion to compel answers to interrogatories be overruled.

In the underlying action, relator seeks recovery of damages upon two counts: Count I, slander per se, and Count II, the violation of § 290.140, RSMo 1978, the Missouri Service Letter Statute.

By the first amended petition, relator joined two defendants, Beneficial Finance of Missouri and Beneficial Management Corporation of America. In a second amended petition, relator sought to join two more defendants, to wit, Beneficial Management Corporation and Beneficial Corporation.

On October 4, 1982, Beneficial Corporation moved to quash service of process and to dismiss relator's second amended petition as to Beneficial Corporation. In support of its motion, Beneficial Corporation contended it was beyond the jurisdiction of the circuit court, pursuant to § 506.500, RSMo 1978 and Supreme Court Rule 54.06(a). On October 14, 1982, relator filed suggestions in opposition to the motion to quash filed by Beneficial Corporation. By opposing suggestions, relator claimed the right of discovery, against Beneficial Corporation, of facts related to and bearing upon the issue of the court's jurisdiction. Five days later, relator served a second set of interrogatories upon Beneficial Corporation. On October 22, 1982, Beneficial Corporation sought a protective order against relator's interrogatories, or in the alternative, an enlargement of time within which to respond.

On October 28, 1982, a conference, which included all the parties and the court, was held which produced an agreement between the parties as to the procedures for the answering of relator's interrogatories. This agreement consisted of correspondence between counsel for relator and the defendants. The court directed Beneficial Corporation to answer relator's interrogatories relative to jurisdiction. On November 8, 1982, counsel for Beneficial Corporation wrote a letter to counsel for relator advising which interrogatories propounded by relator that Beneficial Corporation would not answer. Counsel for relator responded by letter, advising which interrogatories relator felt were pertinent to the issue of jurisdiction. Relator's request for answers included interrogatory no. 12 and interrogatory no. 40. Interrogatory no. 40 addressed the contractual relationship, if any, between Beneficial Corporation and the three remaining defendants. Interrogatory No. 12 asked whether Beneficial Corporation ever prepared or approved any document in which Beneficial Corporation stated it was in the business of making consumer loans through 1,800 nationwide offices. Counsel for Beneficial Corporation notified counsel for relator that Beneficial Corporation would not answer interrogatories nos. 12 and 40.

On December 22, 1982, relator filed a motion to compel answers to interrogatories and served notice to take depositions of Beneficial Corporation.

On February 24, 1983, following a hearing and argument on all pending motions, the court entered the above-referenced order. Relator petitioned for a Writ of Mandamus, and an alternative rule in Mandamus was issued by this court. The issue was briefed and argued to this court.

Relator's basic contention is that the trial court entered its February 24, 1983 order upon an insufficient evidentiary basis relative to the question of jurisdiction over Beneficial Corporation. Relator further contends that she is entitled to further discovery to ascertain jurisdiction over Beneficial Corporation. The record reveals that relator was granted discovery for purposes of ascertaining jurisdiction. This is not a case, as the record fully discloses, wherein a party was denied any discovery for purposes of ascertaining jurisdiction.

The alternative rule in mandamus, heretofore issued by this court, is quashed for the following reasons:

(1) The record is clear that relator engaged in discovery for purposes of ascertaining jurisdiction, and was not denied such discovery.

(2) Relator's amended petition does not allege jurisdictional facts, and relator is not entitled to discovery in the absence of such alleged facts. *State ex rel. Deere & Co. v. Pinnell,* 454 S.W.2d 889 (Mo. banc 1970).

(3) The grant or refusal of additional discovery was within the sound discretion of the trial court. *State ex rel Burke v. Ross,* 420 S.W.2d 365, 368 (Mo.App.1967); *Norfolk and Western Railroad Co. v. Dowd,* 448 S.W.2d 1 (Mo. banc 1969).

(4) Relator's motion to compel further discovery was filed subsequently to Beneficial Corporation's motions to quash service and to dismiss relator's notice to take deposition. The court's ruling in light of this action by relator was not an abuse of discretion by the trial court.

Alternative Writ of Mandamus ordered quashed.

All concur.