## SECOND DEPARTMENT, JUNE, 1924.

In the Matter of the Petition for Probate of the Last Will and Testament and Codicil Thereto of EMILY A. WATSON, Deceased.

*Executors and administrators — appointment of temporary administrators pending probate proceedings — surrogate has power under Surrogate's Court Act, § 126, to appoint stranger — fact that appointment of executors or trustees named in will would effect saving if will is admitted to probate does not show abuse of discretion.*

Appeal from an order of the Surrogate's Court of Westchester county, entered in the office of the clerk of said court on May 9, 1924, appointing Henry R. Barrett and Frederick P. Close temporary administrators of the estate of Emily A. Watson, deceased.

Order of Surrogate's Court of Westchester county appointing temporary administrators affirmed, with costs, payable out of the estate, to all persons appearing and filing briefs on this appeal. The Surrogate's Court Act, section 126, provides that " the surrogate may, in his discretion, issue to one or more persons letters of temporary administration * * *." In this proceeding the necessity for temporary administration is admitted by all parties before this court. The learned surrogate, upon the petition of the executors named in the alleged will for appointment as temporary administrators, and upon objections thereto, filed by the contesting next of kin, appointed two strangers to the proceeding as temporary administrators. (123 Misc. Rep. 323.) The main objection to the appointment (urged solely by the four appellants, residuary legatees) is predicated upon the fact that if the will should be probated there would be a saving to the estate by the appointment as temporary administrators of the executors named therein; or, if the executors were not appointed, that a saving, less in amount, would be effected by designating as temporary administrator the trustee of the residuary estate. If probate of the will is ultimately rejected, there will be no saving to the estate in the amount of commissions. Doubtless if the matter were open to bids before the surrogate for the right to act as temporary administrator of this large estate, some of the next of kin would agree to act for even less than the existing lowest bid, and if it were open to all trust companies to bid, still further savings might be effected. The surrogate clearly had the power to appoint a stranger to the proceeding (*Matter of Plath*, 56 Hun, 223), and upon the facts presented we are of the opinion that the surrogate, in making the order appealed from, did not abuse the discretion vested in him by the statute. Kelly, P. J., Manning, Kelby and Young, JJ., concur; Kapper, J., reads for reversal.

KAPPER, J. (dissenting): I regard the order of the surrogate, in so far as concerns the designations made, as unwise. The reasons given for not appointing as temporary administrators the executors named in the will seem to me to be

insufficient. Had they been appointed, as they should have been in view of the lack of substantial reasons for a contrary disposition, and assuming, as may properly be done on this application, that the will shall be admitted to probate, it is obvious that the saving to the estate in temporary administrators' fees will exceed $200,000. There is no dispute between the parties that this saving will be effected if the will is admitted to probate, and the executors or one of them is named as temporary administrator, for in that event temporary administration fees will not be incurred. (Surr. Ct. Act, § 285.) One of the two surviving executors named in the will is before us without a single charge of any kind upon which to base a legal disqualification. Another consideration is the unanswered affidavit of appellants' counsel. In that he speaks for the United States Trust Company, trustee named in the will of certain trusts therein created, and avers that that company is prepared to serve as temporary administrator, if appointed, " for commissions upon so much of the estate as is not bequeathed under the will, in trust, to the said trust company; " and that " the greater part of the said estate is bequeathed in trust to said company, probably eight-tenths at least, of such estate, and that the saving of the commissions on this large amount, aggregating between eight and nine million dollars, would be of substantial benefit to the said estate and to the residuary legatees of the will in particular who will bear the full burden of this enormous expense if the will is sustained." If the executors should have been ignored (and I think they should not), then the United States Trust Company should, upon their stipulation filed agreeably to the tenor and effect of said attorney's affidavit, have been named. Besides the enormous saving in commissions resulting from that disposition, there would follow the additional saving of premium on the $12,000,000 bond prescribed for the administrators temporarily named. I should decline to interfere with the surrogate's order were the question simply one of the selection of a temporary administrator in nowise involving a probable or potential saving of expense to the estate. I entertain this view of the surrogate's authority notwithstanding this court is empowered to pass upon the application as though it were presented to us in the first instance. (Surr. Ct. Act, § 309.) I, therefore, dissent from the affirmance of the order.