■ In the Matter of the Estate of KATE KROM, Deceased. STANLEY J. EDINGER, Respondent; ELEANOR L. TEDESCHI, Appellant. — Appeal from an order of the Surrogate's Court of Ulster County (Davis, Jr., S.), entered July 22, 1980, which directed that letters testamentary be granted to Stanley J. Edinger. Upon decedent's death, petitioner filed an application for probate of a document purporting to be decedent's last will and testament, which document named petitioner as executor. The objectant, Eleanor Lints Tedeschi, filed objections to the issuance of letters testamentary to petitioner, based upon his alleged dishonesty. The objectant filed a demand for a jury trial, which was denied, and following a trial by the court, an order granting letters testamentary to petitioner was duly entered. This appeal ensued. Initially, we reject objectant's contention that she was entitled to a jury trial. SCPA 505 provides that the court shall decide all issues not required to be decided by a jury, and SCPA 502 (subd 1) requires jury trials "in any proceeding in which any controverted question of fact arises as to which any party has a constitutional right of trial by jury and in any proceeding for the probate of a will in which such question of fact arises, if duly demanded". The objectant does not claim a constitutional right to a jury trial, but rather contends that the factual issues arose in a proceeding for the probate of a will. The objections, however, are addressed solely to the issuance of letters testamentary to petitioner, not to the admission of the will to probate. Indeed, the objectant, by her attorney, has unequivocally indicated that she has no objection to the admission of the will to probate. The distinction between objections relating to the admission of the will to probate and those relating only to the eligibility of the person named in the will to serve as executor is an important one (see *Matter of Weinstock*, 40 NY2d 1). Provisions relating to a person's eligibility to receive letters (SCPA 707) and objections to the grant thereof (SCPA 709) are contained in a separate and distinct article (SCPA art 7) from that containing the provisions relating to probate proceedings (SCPA art 14), and the objections to petitioner's eligibility to receive letters testamentary clearly do not raise factual issues relevant to the admissibility of the will to probate (see SCPA 1408). Moreover, petitioner's eligibility to receive letters testamentary as the executor named in the will is not relevant unless the will is admitted to probate (SCPA 1414, subd 1). Accordingly, we conclude that a proceeding to pass on objections to the issuance of letters testamentary to the executor named in a will is not a

proceeding for the probate of the will within the meaning of SCPA 502 (subd 1). The Surrogate, therefore, properly denied the objectant's request for a jury trial (see *Matter of Mastro*, 100 Misc 2d 866). The objectant also contends that the Surrogate erred in dismissing the objections. The objections alleged that petitioner was ineligible to receive letters testamentary due to his dishonesty (SCPA 707, subd 1, par [e]). The burden of proof rested with the objectant to establish petitioner's dishonesty in money matters from which a reasonable inference might be drawn that the funds of the estate would not be safe in his hands (*Matter of Flood*, 236 NY 408). The evidence adduced at trial related to petitioner's handling of decedent's financial affairs for several years prior to her death. The objectant raises a number of arguments concerning petitioner's credibility as a witness and the weight to be accorded certain evidence, but there is nothing in the record which would require us to disturb the Surrogate's evaluation of these matters. The objectant also contends that petitioner failed to adequately substantiate his claim that all moneys entrusted to him by decedent were spent on decedent's behalf and that petitioner failed to call an available witness to corroborate his testimony. Since the burden of proof was on the objectant to prove petitioner's dishonesty, not on petitioner to prove his honesty, these arguments must be rejected. The record supports the Surrogate's finding that the objectant failed to carry her burden of proof. Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.