■ In the Matter of the Estate of ALICE C. VERMILYE, Deceased. GEORGE McCORMACK, Appellant; PUBLIC ADMINISTRATOR OF KINGS COUNTY et al., Respondents. — In a probate proceeding, George McCormack, the executor named in the will, to whom preliminary letters testamentary had issued, appeals from an order of the Surrogate's Court, Kings County (Bloom, S.), dated August 1, 1983, which (1) dispensed with issuance of process with respect to the application of the Public Administrator of Kings County for letters of temporary administration, (2) granted said application, (3) ordered appellant to file a formal accounting and turn over all estate assets to the temporary administrator and (4) in effect, denied the preliminary letters testamentary which had previously been issued to him. ¶ Order reversed, on the law and in the exercise of discretion, with costs payable out of the estate, application denied, and cross motion granted. ¶ In our view, it was an improvident exercise of discretion for the Surrogate to grant letters of temporary administration to the respondent public administrator pursuant to SCPA 901 *et seq.,* thereby effectively revoking the preliminary letters testamentary previously issued to appellant pursuant to SCPA 1412. ¶ First of all, the instant situation, wherein preliminary letters testamentary had already been issued, the estate assets marshaled and reinvested and a bond posted, was not a proper case for temporary administration as contemplated by SCPA 901, which provides: ¶ "Temporary administration may be granted if the court finds it is in the best interests of the estate in the following cases: ¶ "1. When for any cause delay occurs in the grant of letters on the estate of a decedent or a person alleged to be deceased or in the probate of his will. ¶ "2. When a person having an interest in property in this state has disappeared and is absent from his place of abode without being heard of after diligent inquiry. Such person shall be referred to as an absentee. ¶ "3. When a person having an interest in property in this state has been made a prisoner of war or has been detained or interned by an enemy country or in an enemy-occupied country or by any force in a foreign country, whether legal or illegal, and who is thereby unable to safeguard and care for his property in this state. Such person shall be referred to as an internee." ¶ Furthermore, the record before us contains no evidence to support a claim of undue influence on the part of the appellant, and mere allegations thereof in the affirmation submitted on behalf of the public administrator are insufficient grounds under SCPA 1412 to remove him from his office of preliminary executor. This court has already stated that " 'courts are required to exercise the power of removal sparingly and to nullify the testator's choice only upon a clear showing of serious misconduct that endangers the safety of the estate' " (*Matter of Farber,* 98 AD2d 720, quoting *Matter of Israel,* 64 Misc 2d 1035, 1043). In this case, in which the appellant indisputedly administered the assets of the estate fully and efficiently and posted a bond, the allegations of undue influence against him remained bald assertions and the public administrator thus fell far short of meeting the burden placed upon him to clearly show such serious misconduct. In any event, the public administrator will have an opportunity to substantiate his charges at the trial on probate, which should be held as soon as practicable; if the charges are substantiated appellent will be removed at that time (see *Matter of*

*Farber, supra*). ¶ Finally, although we do not base our reversal on the process issue, we note that under the facts of this case the Surrogate should not have dispensed with the issuance of process pursuant to subdivision 5 of SCPA 902. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.