OPINION OF THE COURT
C. Raymond Radigan, J.
This petition for appointment of the decedent’s daughter as a successor cotrustee is opposed by the applicant’s brother, Paul Moser, who suggests the court appoint an independent neutral person. Petitioner’s reply is that she is a person eligible to receive letters, and that no circumstances exist requiring the appointment of an outsider.
Decedent died in 1969 leaving a will that placed the bulk of his estate in a marital and nonmarital trust. His wife, Mary, was designated as the income beneficiary of each trust with the remainder, on her death, payable to decedent’s three children equally, subject to the wife’s power of appointment *959 over the marital trust. Following decedent’s death, his son, Polet, passed away leaving no spouse or issue.
The will designated decedent’s wife and a friend, Edward Taylor, as a coexecutor and cotrustee, and nominated decedent’s lawyer as successor cotrustee. Mr. Taylor died in 1982 and was succeeded by Mr. Fromson who passed away last year.
A major asset of the trusts is a 63,000-square-foot parcel of land in Plainview, New York, that is improved with a 20,000-square-foot industrial plant. Title to the land is held by Moser Realty Corp. whose stock is owned equally by decedent’s wife, Mary Moser, and the trusts.
Until September 1987, the tenant of the Plainview plant was a precision instrument company founded by the decedent, and later managed by his sons. Respondent, Paul Moser, presently owns 75% of the stock of this company, and his sister, Danielle, the petitioner, owns the other 25%.
In 1986, Mrs. Moser commenced a stockholder’s derivative action in the Supreme Court, Nassau County, against the realty company seeking an accounting for rent and other moneys allegedly due the corporation. Because of the litigation, the manufacturing company relocated its operations to a new site where it constructed its own plant. The present tenant of the Plainview property leases the property for $15,000 per month.
Despite petitioner’s 25% ownership in the manufacturing company which respondent claims sustained considerable losses as a result of its relocation and the litigation, she has aligned herself with her mother’s interest, and has retained the same law firm employed by her mother, to represent her. Respondent who maintains petitioner’s interest as a remainderperson of the trusts is at least technically adverse to her mother’s interest as the income beneficiary, points to this alliance as evidence of petitioner’s inability to exercise independent judgment.
Although there is a need for the appointment of a successor cotrustee, the appointment of petitioner does not appear provident even though she is not ineligible to receive letters of trusteeship (SCPA 707), and no facts have been disclosed which would disqualify her as a matter of law.
Paragraph 6 (A) (2) of decedent’s will authorizes the trustees to pay to his wife so much of the principal of the trust "as my trustees in their absolute discretion shall at any time deem *960 advisable or necessary for her maintenance, support or comfort”. Since the wife in her capacity as the sole surviving trustee cannot make a discretionary distribution of principal to herself (EPTL 10-10.1), the appointment of a successor trustee is required to execute that power (Matter of Seidman, 58 AD2d 72; Matter of Kagan, 118 Misc 2d 1084).
A trust, however, must be administered with due regard to the respective interests of the income beneficiaries and the remaindermen (EPTL 11-2.1 [a] [1]), and the appointment as trustee of a person who has a potential conflict of interest with the income beneficiary may not be prudent (Bogert, Trusts, at 112 [hornbook 6th ed]), especially under the facts presented herein. While a testator under his will may nominate an income beneficiary and a remainderman to be cotrustees, the court must be concerned about the possible conflict that can exist when it must appoint a successor. The petitioner as a remainderperson of the trust possesses an interest in keeping the principal intact which is adverse to the right of her mother to invade the principal for her own support, maintenance or comfort. Consequently, even though petitioner and her mother may presently be aligned in interest, the conflict of interest persists and may possibly arise at any time given the facts in this case. The court additionally notes that a conference of this matter held before submission of this application revealed the trusts have been administered over a long span of time in a very informal manner. This course of action can only lead to further disputes, and under those circumstances, the appointment of a disinterested party as cotrustee will be in the best interest of all concerned.
Petitioner’s application is therefore denied insofar as she requests appointment as successor cotrustee, but is otherwise granted. The court shall designate the successor cotrustee in the order to be entered hereon, and, at the time of submission of the order shall entertain any request made in writing by the parties as to a suitable person or preferably a corporate trustee to be appointed.