■ In the Matter of the Estate of HERBERT CAHN, Deceased. ROSANNE M. CAHN, Respondent; GREGORY CAHN et al., Appellants.—Yesawich, Jr., J. Appeal from an order of the Surrogate's Court of Ulster County (Traficanti, Jr., S.), entered February 3, 1989, which, *inter alia,* denied respondents' motion to disclose decedent's confidential papers.

In this proceeding to probate an instrument purporting to be decedent's last will, petitioner was nominated executrix and sole trustee of a residuary trust. Respondents, who are decedent's three adult sons from his first and only marriage, filed objections to the issuance of temporary letters of administration to petitioner.

Petitioner, who acquired her present surname in a 1981 name change proceeding, and decedent lived together for a number of years and had a child, although they never married. In the course of their relationship, which was a troubled one, decedent composed personal notes wherein he described his perception of the relationship and responded to letters petitioner sent him bearing on the same subject.

According to petitioner, decedent committed suicide during a heated argument with her. Shortly thereafter, these personal papers, which apparently also include writings exchanged between decedent and petitioner as part of a marital counseling program, were discovered at his business office. Petitioner, to whom preliminary letters testamentary have been issued, refused to permit respondents access to the papers. On its own initiative, Surrogate's Court, pursuant to CPLR 3103, directed that the papers be sealed but permitted limited access to counsel on condition that the contents thereof not be disclosed to the parties. After examining the documents, respondents' counsel moved for permission to divulge the contents to his clients to enable them to evaluate whether to continue opposing petitioner's appointment as executrix under SCPA 707 (1) (e) and 711, to seek to disqualify her pursuant to EPTL 10-10.1, and to pursue a wrongful death and/or personal injury action against petitioner; we note that a wrongful death action has since been commenced. Petitioner cross-moved for an order directing the return to her of the writings she authored on the ground that those writings are her private property and not property of decedent's estate. Surrogate's Court denied respondents' motion in all respects, granted petitioner's cross motion, and in his decision ex-

pressed the view that all of decedent's writings made while engaged in the marital counseling program were to be delivered to petitioner. Respondents appeal.

When issuing protective orders inhibiting discovery, the trial court must balance conflicting policies. While traditionally any fact relating to the controversy which will assist the parties in preparing for trial is discoverable *(see, Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452, 461), unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to the parties or others is to be prevented *(see,* CPLR 3103 [a]).

In this instance, Surrogate's Court realistically concluded that disclosure of decedent's private writings would unduly embarrass petitioner and potentially harm their innocent six-year-old son. Because trial courts enjoy wide discretion in directing discovery, absent evidence of abuse of that authority, the decision will not be lightly set aside *(see, Oppenheimer v Shubitowski,* 92 AD2d 1021, 1022, *appeal dismissed* 59 NY2d 970; *see also, Matter of U.S. Pioneer Elec. Corp. [Nikko Elec. Corp.],* 47 NY2d 914). We find no such abuse on this record.

In any case, decedent's personal papers, including the writings exchanged with petitioner, are irrelevant to those concerns respondents raise and thus need not be disclosed *(see, Matter of 425 Park Ave. Co. v Finance Adm'r of City of N. Y.,* 69 NY2d 645, 648). That petitioner may have lied to decedent about personal matters during the parties' turbulent association does not suggest that she is unqualified to serve as executrix *(see, Matter of Flood,* 236 NY 408, 411; *Matter of Krom,* 86 AD2d 689, 690, *lv dismissed* 56 NY2d 807), or that letters testamentary, if issued to her, should be revoked *(see,* Amend, Jr., Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 711, at 542). And, contrary to respondents' intimations, there are no references in decedent's personal papers, which have been submitted to the court for review, which specifically address possibly relevant issues such as the allegedly missing Kruggerands, the insinuated failure of petitioner to return money allegedly borrowed from decedent to purchase a cooperative apartment, or that she acted improvidently when she expended $50,000 to refurbish her New York City apartment.

Inasmuch as respondents had sufficient information available to them to frame a wrongful death action complaint, the documents need not be looked to for that purpose *(see, Matter of Janosik,* 71 AD2d 1058; *Matter of Houlihan-Parnes, Realtors [Cantor, Fitzgerald & Co.],* 58 AD2d 629, 630). Moreover,

these writings do not appear to contain any evidence which respondents can resort to which will enable them to determine whether to continue to press their wrongful death action. In any event, traditional discovery techniques are available to respondents in that lawsuit. Lastly, given that EPTL 10-10.1 provides a method of addressing the circumstance that petitioner has been named the sole trustee, respondents fail to satisfactorily articulate how the personal papers generate an irremediable conflict of interest *(cf., Matter of Moser,* 139 Misc 2d 958, 960).

While we agree with the resolution by Surrogate's Court of respondents' motion, we hold a slightly different view with respect to the disposition of petitioner's cross motion. The court concluded that the personal papers possessed by decedent passed to petitioner under the second paragraph of decedent's as yet unprobated will, and that petitioner's interest in letters she wrote to decedent entitles her to their possession. That paragraph clearly and unambiguously bequeaths "all furniture and furnishings, clothing, art objects and antiques" to petitioner; personal papers do not fall within these categories. And, while petitioner may prevent publication of the letters she authored *(see, e.g., Salinger v Random House,* 811 F2d 90, 100, *cert denied* 484 US 890; *Folsom v Marsh,* 9 F Cas 342, 346 [CCD Mass 1841]), she cites no authority entitling her to their possession or to possession of those authored by decedent *(see, Eyre v Higbee,* 15 How Prac 45). Accordingly, as these confidential writings were in the decedent's possession at the time of his death, they are property of the estate (3 Warren's Heaton, Surrogates' Courts § 231 [2], at 186 [6th ed]) and should at this point be delivered to petitioner in her capacity as preliminary executrix *(see, Eyre v Higbee, supra).*

Order modified, on the law, without costs, by reversing so much thereof as granted petitioner's cross motion for return to her personally of those letters, notes, and other correspondence written by her; Banespa Bank, the court-ordered depository, and respondents' attorney are directed to turn over to petitioner, in her capacity as executrix of decedent's estate pursuant to preliminary letters testamentary, all of decedent's papers, including the personal writings at issue herein, and all copies thereof still in their possession and control; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.