■ JUDITH CAPOLINO, Respondent-Appellant, v RICHARD CAPOLINO, Appellant-Respondent.—Crew III, J. (1) Cross appeals (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered April 10, 1990 in Dutchess County, which, *inter alia,* partially granted plaintiff's motion for temporary child support, and (2) appeal from an order of said court, entered April 10, 1990 in Dutchess County, which granted plaintiff's motion to restrain defendant from transferring certain marital assets during pendency of the action.

Plaintiff and defendant were married on August 27, 1977 and had two children within the first three years of their marriage. Plaintiff is a registered nurse who works from time to time at a local medical center covering for other nurses on vacation. Defendant is president of a construction company in which he owns a 25% interest. Plaintiff commenced this action for divorce and moved, pendente lite, for maintenance, child support, exclusive use and occupancy of the marital home, and counsel and expert fees. Defendant cross-moved for custody of the children and exclusive use and occupancy of the marital home. While those motions were pending, plaintiff moved by order to show cause for a restraining order enjoining defendant from removing, transferring and withdrawing various types of real and personal property. Defendant opposed the motion asserting that such an order would prevent him from paying any court-ordered support, conducting his business activities and using his separate property. Supreme Court issued an order which directed defendant to pay temporary child support of $250 per week; ordered defendant to pay various charges for maintenance of the marital home; ordered defendant to pay attorney and expert fees totaling $5,000; ordered defendant to provide health insurance coverage for his wife and children and an automobile for his wife; granted exclusive use and occupancy of the marital home to plaintiff; directed that the marital home be the children's residence; and postponed psychiatric evaluation of the parties until a pretrial conference. In a separate order the court granted the restraining order with specific conditions. These appeals ensued.

At the outset, we note that this court does not favor modifying pendente lite awards, except when the ordered payments

are so prohibitive as to prevent the payor spouse from meeting his/her own financial obligations or where justice otherwise requires *(see, Holmes v Holmes,* 151 AD2d 911; *Chyrywaty v Chyrywaty,* 102 AD2d 1009). Upon review of the record, it is clear that defendant exercises exclusive control over almost all of the family finances and has done so throughout the course of the marriage. Additionally, he recently transferred three parcels of real property totaling more than $130,000. Supreme Court's restraining order enjoins defendant from transferring and withdrawing various and numerous property interests. However, the order permits him to withdraw funds for ordinary living expenses and permits him to engage in business transactions involving some of these property interests, both real and personal, provided plaintiff is given 30 days' notice of such transactions together with a full accounting. Supreme Court did not abuse its discretion in issuing such a restraining order *(see, Chosed v Chosed,* 116 AD2d 690, 691; *Colin v Colin,* 113 AD2d 817, 818). Defendant contends, however, that the restraining order is overbroad in that it enjoins him from using his separate property obtained from an inheritance. On the record before us, it is impossible for this court to identify, with any degree of certainty, which of the parties' property interests are separate or marital. It appears that some of the parties' marital property may have been commingled with defendant's separate property while defendant was managing the family's finances. We believe that the best remedy for any alleged inequities occasioned by the restraining order is a speedy trial at which a more detailed examination of the parties' financial circumstances may be conducted *(see, Caviolo v Caviolo,* 155 AD2d 410, 411; *Frankel v Frankel,* 150 AD2d 520).

Defendant further contends that Supreme Court erred in granting exclusive use and occupancy of the marital residence to plaintiff without a hearing. Although the affidavits of the parties contain conflicting factual allegations of violence on the part of defendant toward plaintiff, there are corroborating third-party affidavits to support plaintiff's allegations which justified the award of exclusive occupancy without a hearing *(see, Preston v Preston,* 147 AD2d 464, 465; *Harrilal v Harrilal,* 128 AD2d 502, 503; *De Millio v De Millio,* 106 AD2d 424).

Defendant next contends that Supreme Court erred in failing to award him custody of the minor children. In support of his application for custody, defendant submitted a sworn affidavit in which he described various incidents from which one might infer that plaintiff was an unfit parent and that she

neglected her children. Plaintiff submitted a reply affidavit sharply refuting defendant's characterization of the aforesaid incidents. Supreme Court made no determination with respect to custody and directed that the children's residential care be with plaintiff in the marital home. Notably, the court's order does not provide defendant with any visitation with the children. While this sort of de facto custody determination has received appellate approval on at least one occasion (see, Askinas v Askinas, 155 AD2d 498), in that case there was no record evidence of parental unfitness and the court provided the noncustodial parent with regular and meaningful visitation. Given the striking contradictions of the affidavits in the case at bar, we believe that Supreme Court should have held a hearing prior to making its order.

We have considered defendant's remaining contentions and find them to be without merit. Supreme Court did not abuse its discretion in directing him to pay $250 per week child support and various carrying charges relating to the marital residence (see, Girardi v Girardi, 140 AD2d 486, 487; Richter v Richter, 131 AD2d 453, 454); directing him to provide health insurance coverage to plaintiff and the children and to provide plaintiff use of an automobile (see, Goodson v Goodson, 135 AD2d 604); awarding counsel and expert fees of $5,000 (see, Frankel v Frankel, supra; Colin v Colin, supra); and denying psychiatric evaluation of plaintiff until a pretrial conference where defendant did not serve notice on plaintiff for said evaluation (see, CPLR 3121 [a]; Rosenblitt v Rosenblitt, 107 AD2d 292, 294).

Mahoney, P. J., Casey, Mikoll and Yesawich Jr., JJ., concur. Ordered that the orders are modified, on the law, without costs, by remitting the matter to the Supreme Court for a custody hearing to be conducted forthwith, and, as so modified, affirmed.