■ PATRICIA A. L. MAILLARD, Appellant, v EUGENE MAILLARD, Respondent. [621 NYS2d 715] —Peters, J. Appeal from that part of an order of the Supreme Court (Kahn, J.), entered June 2, 1994 in Albany County, which, *inter alia,* granted defendant's cross motion for a protective order.

On March 21, 1994, plaintiff filed for a divorce. On April 13, 1994, Supreme Court issued a temporary restraining order prohibiting plaintiff and her counsel, until further order, from communicating "with any person concerning defendant's personal or business affairs or documents", and from disseminating any "documents concerning defendant's personal or business affairs to any person or entity, other than to the parties hereto or their counsel". The order further prohibited plaintiff and her counsel from sending, or causing to be sent, "any

legal process or subpoena, or any document which purports to be process * * * to any person, or entity outside the State of New York, without explicit permission of a Court with competent jurisdiction to issue letters rogatory or commissions to persons outside the State of New York". The court further restrained plaintiff from using any funds with the exception of her paycheck "to satisfy her reasonable living expenses". As a result of a hearing held in April 1994, an order was entered embodying, *inter alia,* the aforementioned restraints. Plaintiff appeals from only those portions of the order.

As to Supreme Court's restraint upon plaintiff from transferring or using any assets with the exception of her paycheck, it is uncontested that plaintiff independently engaged in a course of liquidation of marital assets in the approximate amount of $278,000 and transferred to her mother joint property located in Ulster County. While plaintiff justifies such action by contending that such funds were used primarily to pay marital debts and legal fees, with the Ulster County property transferred back to her upon recognition of her error, plaintiff contends that the limitation imposed by Supreme Court renders her unable to meet her expenses. We note that plaintiff has an annual income of $80,000 and that by virtue of the conduct now subject to our review, has paid a mortgage debt on the marital residence in the amount of $159,415 and has bought a new car.

Domestic Relations Law § 234 allows courts to issue preliminary injunctions aimed at the preservation of marital assets pending equitable distribution. Such interim property restraints are available upon a showing of proper cause *(see,* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 234, 1994 Pocket Part, at 13). Proper cause may be shown to exist by the admission of such party that there was a conversion and/or dissipation of marital assets or upon a showing that money was spent in a manner that, to a neutral party, may be regarded as improper or questionable *(see, O'Sullivan v O'Sullivan,* 154 AD2d 850; *see also, Capolino v Capolino,* 174 AD2d 825). Hence, based upon such standard, we find that the record wholly supports Supreme Court's exercise of discretion in issuing this order.

As to the remaining portions of such order, we note that the trial courts "enjoy wide discretion in directing discovery, [and that] absent evidence of abuse of that authority, the decision will not be lightly set aside" *(Matter of Cahn,* 161 AD2d 1065, 1066, *lv dismissed* 77 NY2d 939). Based upon the inappropri-

ate course of conduct engaged in by plaintiff and her counsel, fully detailed in the record before us, we find that Supreme Court properly exercised its discretion in regulating the use of disclosure devices by plaintiff and her counsel pursuant to CPLR 3103 (a). Clearly, "the best remedy for any alleged inequities occasioned by the restraining order is a speedy trial" *(Capolino v Capolino, supra,* at 826).

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.