OPINION OF THE COURT
Charles J. D’Arrigo, S.
In this bitterly contested proceeding, an instrument purporting to be the last will and testament of Sophie Scamardella, deceased, has been offered for probate and objections to said instrument have been filed. In anticipation of a lengthy delay, a petition for preliminary letters was filed by the proponent, resulting in additional objections to the granting of preliminary letters, and a petition by an objectant, Anna T. Stilwell, for letters of temporary administration. Indeed, the court has been inundated with papers, both in support of and in opposition to the issuance of said preliminary letters, and the attorney for the proponent has moved to strike a pleading entitled "Supplemental Objections to Grant of Preliminary Letters Testamentary.” The attorney for proponent contends that said pleading, not having been previously authorized by the court, must be stricken.
Upon due consideration, however, and in the interest of justice, the court denies the motion and hereby accepts the papers heretofore submitted herein. The court should have all relevant information for its consideration before rendering a decision. Indeed, the granting of letters to someone in the absence of relevant information, would no doubt result in the immediate filing of a petition to revoke said letters pursuant to SCPA 711, at which time the relevant information would be brought to the court’s attention. Accordingly, the court accepts for its consideration all papers previously filed herein.
The proponent relies on SCPA 1412 and Matter of Vermilye (101 AD2d 865) in furtherance of her position that preliminary letters must be granted to her. The court is well aware of the provisions of SCPA 1412 and the reasons therefor. It is generally in the best interest of the estate and estate beneficiaries that the nominated executor under a will be given preliminary letters testamentary for the purpose of expediting the administration of the estate where there would otherwise be delay. Certainly, bald allegations of undue influence or fraud will not suffice to deny preliminary letters to the nominated executor (Matter of Vermilye, supra).
Vermilye (supra), however, deals with the removal of the preliminary executor after preliminary letters had been granted. *57 Clearly, the situation here is different. Indeed, the record in Vermilye contained no evidence to support a claim of undue influence.
Furthermore, proponent’s attorney in his reply affirmation states that his research disclosed only one case in which the nominated executor was denied preliminary letters testamentary. In that case (Matter of Pullman, 89 AD2d 608) the object-ants presented a conviction of grand larceny in the first degree, a prior judicial determination of commingling trust funds, and 13 unsatisfied judgments against the nominated executor. Undeniably, however, where a bona fide issue of undue influence is presented, a nominated executor will not be appointed. (Matter of Ranney, 78 NYS2d 602, affd 273 App Div 1057; Matter of Smith, 71 Misc 2d 248; Matter of Mann, NYLJ, Apr. 10, 1978, at 12, col 1.)
In view of the bona fide issue of undue influence in this case charged against the nominated executrix, and the hostility that exists between objectants and her, she will not be appointed preliminary executrix. Nor would it appear to be in the best interest of the estate or of the estate beneficiaries that the objectant, Anna T. Stilwell, be appointed temporary administratrix. There are matters herein involved which are not simple matters of possible conflict of interest, personalities and frivolous charges and countercharges, but are of a very serious and substantial nature which, in the opinion of this court, warrant the appointment of a party as temporary administrator who will be impartial as concerns all the parties involved.
It is, accordingly, the decision of this court that the respective petitions of the parties herein for the appointment of a preliminary executrix and a temporary administratrix be denied and that letters of temporary administration be granted to the Public Administrator, pending the probate contest herein.