■ TUYEN M. LE et al., Plaintiffs, v PATRICIA A. PUTNAM, Defendant and Third-Party Plaintiff-Respondent. REBECCA J. LAWHORN et al., Third-Party Defendants-Appellants. [657 NYS2d 849] —Mercure, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered March 5, 1996 in Tompkins County, which, *inter alia*, granted defendant's motion to compel the deposition of third-party defendant Rebecca J. Lawhorn.

Plaintiffs were passengers in an automobile owned by third-

party defendant Laura Jones and operated by third-party defendant Rebecca J. Lawhorn when it was involved in an accident with an automobile operated by defendant. Plaintiffs commenced an action for personal injuries against defendant, who then impleaded third-party defendants. Following joinder of issue, third-party defendants served upon defendant a notice for discovery and inspection seeking, *inter alia*, a transcript of an audiotaped interview with Lawhorn. Defendant served a notice to take Lawhorn's deposition and refused to produce the transcript until after the deposition was completed. When Lawhorn refused to submit to the deposition, defendant made a motion to compel and third-party defendants, in turn, cross-moved to compel defendant to produce the transcript. Supreme Court granted defendant's motion and directed defendant to comply with third-party defendants' discovery demand after Lawhorn's deposition was completed. Third-party defendants appeal.

We affirm. Although a party to litigation is entitled to a copy of his or her own statement under CPLR 3101 (e) (*see, Joseph v Angstrom, Inc.*, 198 AD2d 863; *Sands v News Am. Publ.*, 161 AD2d 30, 40; *see generally*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:46, at 68-70), "[n]othing in the CPLR requires any one disclosure device to be used before another" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:43, at 67). Rather, limitations on the timing and use of disclosure devices are generally left to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion (*see, Cardiomax, Inc. v Gustafson*, 227 AD2d 812, 813; *Jackson v Dow Chem. Co.*, 214 AD2d 827, 828; *Maillard v Maillard*, 211 AD2d 963, 964-965; *see generally*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3103:1, at 356-357). In these circumstances, we conclude that Supreme Court did not improvidently exercise its discretion in its resolution of the motions to compel.

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.