■ In the Matter of the Estate of MARY A. HORTON, Deceased. HELEN FREEMAN, Respondent; MICHAEL TURCSIK et al., Appellants. [679 NYS2d 467] —Cardona, P. J. Appeals from three orders of the Surrogate's Court of Tompkins County (Barrett, S.), entered September 29, 1997, September 30, 1997 and October 7, 1997, which, *inter alia*, granted petitioner's application for preliminary letters testamentary.

On March 27, 1997, Mary A. Horton (hereinafter decedent) died testate in the City of Ithaca, Tompkins County. Her

surviving distributees include one brother, four sisters, and 11 nieces and nephews. An instrument purporting to be decedent's last will and testament executed at a hospital on March 25, 1997 did not leave any bequests to the surviving distributees, except for one niece, Janice Rooney; the instrument nominated petitioner, decedent's friend, as executor and left her the residual estate. On April 23, 1997, petitioner filed a probate petition. Surrogate's Court cited all interested persons. Respondents (four of decedent's siblings and eight nieces and nephews) objected, claiming that the will was invalid because it was the product of undue influence and, furthermore, that decedent lacked testamentary capacity at the time of its execution. On September 12, 1997, pursuant to SCPA 1412, petitioner applied for preliminary letters testamentary and requested a jury trial on the objections. Thereafter, on September 18, 1997, respondents filed a petition seeking the issuance of letters of temporary administration to decedent's nephew, Ronald Norman, who was not a potential distributee. Furthermore, the petition alleged, *inter alia,* that Rooney had perpetrated fraud and exerted undue influence upon decedent.

Surrogate's Court issued preliminary letters testamentary to petitioner and, based upon their issuance, dismissed respondents' petition through orders entered September 29, 1997 and September 30, 1997, respectively. By order entered October 7, 1997, Surrogate's Court denied respondents' subsequent letter request to revoke the preliminary letters testamentary. Respondents appeal from all three orders.*

By its own terms, the September 29, 1997 order granting petitioner the preliminary letters testamentary expired on March 29, 1998, rendering the appeal from that order moot (*see, Matter of O'Brien,* 204 AD2d 983, 984; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). Furthermore, we are unable to discern any exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne, supra,* at 714-715). We also reject respondents' argument that the April 17, 1998 order of Surrogate's Court, which reissued preliminary letters testamentary, preserves the controversy for our review since there has been no appeal from that order.

In addition, we find that Surrogate's Court properly denied respondents' applications for letters of temporary administration and for revocation of the preliminary letters testamentary

---

* Because only judgments and orders are appealable (*see,* CPLR 5701), no appeal lies from respondents' unanswered letter to Surrogate's Court dated October 19, 1997 requesting reconsideration of its refusal to revoke the preliminary letters testamentary.

issued to petitioner. Neither application contained sufficient evidence to substantiate the allegations that petitioner perpetrated fraud upon and exerted undue influence over decedent (see, Matter of Vermilye, 101 AD2d 865), or that she was ineligible to receive preliminary letters testamentary due to dishonesty as that term is defined in SCPA 707 (1) (e). Notably, "[t]he dishonesty that renders a person incompetent to execute the duties of a fiduciary is dishonesty in money matters, giving rise to a reasonable apprehension that funds of the estate would not be safe in his hands" (2 Cox-Arenson-Medina, NY Civ Prac: SCPA ¶ 707.09 [b], at 7-92; see, Matter of Flood, 236 NY 408; Matter of Krom, 86 AD2d 689, lv dismissed 56 NY2d 505).

Respondents will have the opportunity to prove their contentions at the probate trial (see, Matter of Vermilye, supra).

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the orders are affirmed, with costs.