OPINION OF THE COURT
Renee R, Roth, S.
*666 In this contested probate proceeding in the estate of Rita Singer the sole objection relates to the appointment of the nominated executors based upon the alleged overreaching of their father, the attorney draftsman.
Competing applications for the appointment of a temporary fiduciary have been filed. One of the two nominated coexecutors, the attorney draftsman’s sons, seeks preliminary letters testamentary (SCPA 1412), while testatrix’s son and daughter, the residuary beneficiaries under the propounded instrument, seek letters of temporary administration (SCPA 901 [1]).
The threshold issue is who to entrust with the responsibility of administering decedent’s estate during the pendency of this dispute. Among the considerations is whether the undisputed facts which are briefly stated below give rise to a presumption of undue influence sufficient to deny the nominated executor’s application for preliminary letters testamentary.
Testatrix died on September 5, 2003, at the age of 82, survived by her son and daughter and leaving an estate of almost $2,000,000. Under the propounded instrument, dated June 16, 2000, testatrix made preresiduary bequests to her three grandchildren and two friends and left her residuary estate equally to her children. She named as coexecutors the attorney draftsman’s sons and law partners, H.R Sean Dweck and Stuart Marc Dweck.
In an affidavit filed in support of his son’s application for preliminary letters, the draftsman states that testatrix chose to nominate his children (whom she did not know) instead of her own (the primary beneficiaries of her estate) because the latter were nonresidents of this state. It is undisputed, however, that testatrix’s son and daughter had likewise resided outside of New York when (some eight years earlier) she executed her penultimate will which named them as coexecutors.
The draftsman further states that, at the time the propounded instrument was being prepared, testatrix asked him to serve as her fiduciary and, after he (for some unexplained reason) declined to do so, insisted upon designating his two sons. He does not say, however, whether he discussed with the testatrix the implications of such appointment, namely, that because of the size of the estate there would be two commissions payable to two strangers instead of to her children.
The court is mindful of well established law that a testatrix’s selection of her fiduciary is presumptively entitled to great deference (Matter of Leland, 219 NY 387 [1916]; Matter of Berg *667 dorf, 206 NY 309 [1912]; Hartnett v Wandell, 60 NY 346 [1875]; Matter of Zalaznick, 76 Misc 2d 43 [1973]) and must be implemented unless there is ground for disqualification (Matter of Simon, 44 AD2d 570 [1974]; Matter of Israel, 64 Misc 2d 1035 [1970]). Accordingly, an application for preliminary letters may be denied only if the record establishes that there is a serious issue as to undue influence or such other misconduct as would be grounds for a fiduciary’s removal (see Matter of Jurzykowski, 36 AD2d 488 [1971]; Matter of Germain, NYLJ, May 20, 1991, at 25, col 2; Matter of Pase, NYLJ, Feb. 4, 1986, at 14, col 1).
The court is also aware of the admonitions in our highest court’s decision in Matter of Weinstock (40 NY2d 1 [1976]) based on Code of Professional Responsibility EC 5-6 that although a designation of the draftsman alone does not, per se, give rise to a presumption of undue influence, such presumption is appropriate if he is designated to serve along with a cofiduciary to whom he is related or with whom he is affiliated. To rebut such presumption, the designees are required “ ‘to explain the circumstances and to show in the first instance that the [designation which is tantamount to a] gift was freely and willingly made’ ” (Matter of Weinstock, supra at 7 n, quoting Matter of Putnam, 257 NY 140, 143 [1931]). This court has found no authority to support a contention that Matter of Putnam does not apply to the facts of this case. Nor is the reasoning embodied in Putnam — to discourage overreaching by an attorney draftsman — no less applicable in a case, as here, where the persons designated as cofiduciaries are relatives of the draftsman, rather than the draftsman himself.
The draftsman contends that testatrix’s son is “unqualified” to serve because he is a debtor of the estate and that testatrix’s daughter is “not as qualified” as his own son because she resides out of state and “possesses no assets within [it]” (a puzzling contention in view of her status as a beneficiary of 50% of this estate). However, nowhere in the law governing qualifications of fiduciaries (SCPA 707, 711) is indebtedness to the estate a disqualification (Matter of Shephard, 249 AD2d 748 [1998]). Furthermore, there is no authority for the position that an individual’s residency, in the case of a United States citizen, is relevant to her qualification to serve as a fiduciary. Indeed an American living abroad, let alone in a sister state, is qualified to act (SCPA 707). Clearly none of the reasons advanced by the draftsman to disqualify decedent’s children from serving as fiduciaries has any merit whatsoever.
*668 Based on the foregoing, and at least for purposes of a determination of the immediate applications, the nominated executor has failed to offset the inference that his designation was the result of overreaching (Matter of Weinstock, supra; Matter of Putnam, supra). Accordingly, his application for preliminary letters is denied, without prejudice to his applying for permanent letters on a more fully developed record. The application of decedent’s children, Barry Saltz and Adrianna Saltz, for letters of temporary administration is granted.