| **Matter of Cohn** |
|:---:|
| 2025 NY Slip Op 31914(U) |
| May 29, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2023-838/B |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

ENTERED

MAY 2 9 2025

DATA ENTRY DEPT
New York County Surrogate's Court

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
Petition for a Compulsory Accounting and Related
Relief in the Estate of

THEODORE COHN

a/k/a

THEODORE B. COHN
                                    Deceased.
-----------------------------------------------------------------X
G I N G O L D, S.

DECISION AND ORDER

File No. 2023-838/B

Petitioners, Lillian Amato and Cecil Brandon joined by Cynthia Rooney ("petitioners"), commenced this proceeding to compel an accounting, request the posting of a bond and in the alternative to revoke preliminary letters testamentary issued to Brian Glubok ("respondent") in the estate of Theodore Cohn, deceased. Petitioners also seeks letters of administration, c.t.a. to issue to Lillian Amato.

The court issued an order dated March 7, 2025 directing respondent to file an account of his proceedings, together with a petition for judicial settlement, on or before April 30th, 2025. In a separate decision and order dated March 7, 2025, the court directed the respondent to post a bond in the amount of Three Million Two Hundred Fifty Thousand Dollars and 00/100 ($3,250,000) and revoked his preliminary letters dated March 14, 2023 pending his filing of an account. A limited evidentiary hearing on the application to fully revoke Respondent's preliminary letters was directed to be held on May 22, 2025.

Notice of entry together with proof of service for both decisions and orders were filed with the court. The court also emailed courtesy copies to the respondent's last known mailing and email address.

[* 1]

In seeking the respondent's removal, petitioners allege that the respondent has marshalled assets of the decedent's estate in excess of $1.5 million dollars; used said funds for his own personal benefit and not in the best interest of the estate by acquiring an investment property/residential home in Springfield, Illinois titled to the estate and by his own account residing in it.

No action has been taken to prosecute the probate proceeding since preliminary letters were issued, nor has an inventory of assets been filed as required by court rule (22 NYCRR 207.20). To date, no accounting has been filed and no bond has been posted as per court order. Nothing has been filed to deny petitioner's allegations whether by answer, objection or other proof. In accordance with statutory requirements, petitioner's allegations are deemed to be due proof of facts stated in the petition (SCPA § 509).

The court recognizes that removal of a testator's nominated executor is not to be taken lightly, even if the will has yet to be probated. The court is required to exercise its removal power sparingly and to nullify the testator's choice only upon a clear showing of serious danger to the estate. *(Matter of Vermilye,* 101 AD2d 865 [2d Dept 1984]; *Matter of Farber, 98 AD2d 720 [2d Dep 1983]).* Here, the actions of the preliminary executor exceeded the scope of his duties as preliminary executor and his failure to abide by court orders jeopardized the estate and warrant his removal. Also, as there is now property located outside of this court's jurisdiction purchased with estate assets and respondent's failure to respond to further communicate with counsel for petitioners, it would appear to be in the best interest of the estate or of the estate beneficiaries that letters of administration, c.t.a. issue to the Public Administrator of the County of New York.

Accordingly, the preliminary letters issued to respondent are hereby revoked. Petitioner's application to appoint petitioner, Lillian Amato as administrator, c.t.a. is denied and letters of

2

temporary administration shall issue to the Public Administrator of the County of New York upon her duly qualifying according to law. Respondent is directed to turn over custody, possession and control of all estate assets and books and records to the Public Administrator within 20 days of the issuance of Letters of Temporary Administration to the Public Administrator. Any application to admit the will to probate cannot be considered in a removal proceeding and is subject to further application and order of this court.

Decree signed.

The Clerk of the Court shall send a copy of this order to the parties whose addresses are listed below by regular mail and email, if so provided to the court.


Dated: May 21, 2025

_____
S U R R O G A T E

3